### EL PUEBLO, DEMANDANTE Y APELADO, *v.* QUIRINDONGO, ACUSADO Y APELANTE.

No. 2284—*Visto:* Junio 17, 1924. *Resuelto:* Junio 27, 1924.

SOBRESEIMIENTO DE LA ACUSACIÓN—JUICIO RÁPIDO—JUSTA CAUSA PARA LA DEMORA DEL JUICIO.—A menos que exista justa causa contraria, procede el sobreseimiento del proceso cuando el acusado no ha sido sometido a juicio sin haber pedido la suspensión, dentro de ciento veinte días contados desde la presentación de la acusación. Examinados los hechos de este caso, se concluyó que la alegada por el Fiscal no era una justa causa y por tanto que la corte debió haber decretado el sobreseimiento pedido.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de adulteración de leche. *Revocada y sobreseída la acusación.*

*Martínez Nadal, Tormes & Colón,* y *J. A. Lastra,* abogados del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 19 de octubre de 1923 el Fiscal del Distrito de Ponce formuló acusación contra Emiliano Quirindongo imputándole la comisión de un delito de adulteración de leche. El 25 de marzo de 1924 se llamó la causa para la vista y el acusado pidió que se sobreseyera por no habérsele concedido el juicio rápido que garantiza la ley. Se opuso el Fiscal alegando que: "cuando se radicó este caso, el 19 de octubre, estaba despachando su término de asuntos criminales que terminaron hacia fines de noviembre; en diciembre y enero la corte

tuvo que despachar sus asuntos civiles y a principios de febrero se empezaron los casos criminales y hemos venido atendiéndolos hasta la fecha de hoy viendo en un solo día a veces hasta veinte casos *misdemeanor* y días de tres casos *felony*. Con estos datos tiendo a demostrar que la corte no ha tenido tiempo material para poder ver este caso antes de esta fecha, y que ésta no es ya una justa causa sino una muy justa causa para no haber celebrado este caso antes de esta fecha.''

Declaró además el Secretario de la corte, en resumen, que la acusación fué presentada en la fecha indicada teniendo lugar su lectura el 27 de diciembre siguiente; que la corte se encontraba en su término criminal que duró hasta noviembre; que luego se señaló un término civil para diciembre y enero, comenzando el otro término criminal en febrero siguiente, continuando en marzo, habiendo días de celebrarse quince casos de *misdemeanors*.

Y la corte resolvió la cuestión planteada así:

"La corte resolviendo la moción presentada por el acusado en el momento del juicio, en primer término estima que es tardía y en segundo lugar estima que ha habido justa y suficiente causa para no haberse señalado este caso con la rapidez que la corte desearía imprimir a todas sus actuaciones, y le anota una excepción a la parte.''

Siguió el juicio adelante. Se practicó la prueba y el acusado fué condenado a sufrir seis meses de cárcel. No conforme, apeló para ante esta corte señalando en su alegato dos errores, uno relativo a su moción de sobreseimiento y otro a la apreciación de la prueba.

A menos que exista justa causa contraria, dice el artículo 448 del Código de Enjuiciamiento Criminal, el tribunal decretará el sobreseimiento del proceso cuando un acusado cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación.

Se admite por El Pueblo de Puerto Rico que habían transcurrido en este caso los ciento veinte días que marca la ley sin que el juicio se suspendiera a petición o con la conformidad del acusado, pero se alega que existió justa causa, y que no habiéndose demostrado abuso de discreción por parte de la corte de distrito al apreciarla no cabe revocar su decisión.

Estamos conformes en que es una buena causa el hecho de estar una corte de tal manera ocupada que sea físicamente imposible llamar la causa a juicio, pero entendemos que tal hecho no se ha demostrado aquí. La acusación se presentó el 19 de octubre y no se leyó hasta fines de diciembre. ¿Qué explicación se ha dado para ello? Si la lectura se hubiera señalado con la rapidez debida, no se explica por qué la vista no pudo tener lugar en el propio término criminal de octubre y noviembre. Tampoco se explica por qué tratándose de una acusación presentada en octubre no se señaló entre las primeras del término de febrero.

Los preceptos relativos al juicio rápido, que es una de las garantías que tienen todos los ciudadanos en nuestro país, deben tenerse siempre presentes por los funcionarios judiciales y cuando se invocan deben ser reconocidos por las cortes. Quizá con ello algún criminal pueda quedar sin castigo, pero un criterio firme producirá el efecto saludable de imprimir actividad en la administración de justicia.

Debe tenerse muy presente que en California el término en vez de ser de ciento veinte días—cuatro meses—como lo es en Puerto Rico, sólo se extiende a sesenta días—dos meses—y que en este caso concreto habían transcurrido más de *cinco meses* cuando la causa fué llamada para juicio.

Por virtud de todo lo expuesto *debe revocarse* la sentencia recurrida y decretarse el *sobreseimiento de la acusación.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.