EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GREGORIO SÁNCHEZ, acusado y apelante.

No. 4198.—*Sometido:* Noviembre 19, 1930.—*Resuelto:* Enero 21, 1931.

742

*R. López Antongiorgi,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un caso en que el apelante solicitó el sobreseimiento de la causa fundándose en que no se le había enjuiciado dentro de 120 días después de radicarse la acusación. El artículo 448 del Código de Enjuiciamiento Criminal dispone:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"  *        *        *        *        *        *        *

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

A tenor del artículo 452 del Código de Enjuiciamiento Criminal, el sobreseimiento de la acción según lo dispone el 448, imposibilita la formación de otro proceso por el mismo delito, siempre que se trate de uno menos grave. Es evidente, por tanto, que los procesos por delitos menos grave deben ser juzgados prontamente. No surge duda alguna en la mente de nadie de que en los casos de adulteración de leche los infractores deben ser perseguidos vigorosamente. La acusación fué presentada el 30 de octubre de 1929, y el caso no fué señalado ni visto hasta el 2 de abril de 1930.

Al presentarse una moción de archivo y sobreseimiento ante la Corte de Distrito de Guayama, su juez revisó hasta cierto punto los hechos y concluyó diciendo:

". . . la corte tiene el convencimiento de que ha hecho todo lo posible por que ningún caso prescriba, tiene el convencimiento de que ha sido humana y materialmente imposible evitar que transcurriera más del término señalado para la prescripción en algunos casos, y como tiene este convencimiento la corte tiene que declarar sin lugar la moción etc."

Estamos llamados a determinar si los hechos justificaban esta conclusión de la corte inferior.

■■■ Antes de proceder a ello, sería conveniente hacer un ligero examen de la jurisprudencia de este Tribunal. En el caso de *Dyer* v. *Rossy,* 23 D.P.R. 772, resolvimos que era el deber de la corte considerar si el juicio había sido demorado por más de 120 días sin el consentimiento del acusado, es decir, determinar si el fiscal aducía justa causa para la suspensión. En el caso de autos no había envuelta cuestión alguna de suspensión. El caso fué señalado y visto después de transcurridos los 120 días. En el de *El Pueblo* v. *Cesari,* 26 D.P.R. 21, resolvimos que la mera congestión del calendario civil no era justa causa para la demora. En *El Pueblo* v. *Nigaglioni,* 28 D.P.R. 232, se decidió que la celebración de juicios por jurado, de casos civiles, y las vacaciones de la corte, y tal vez otras circunstancias, justificaban la dilación en dicho caso.

El de *El Pueblo* v. *Villafañe,* 37 D.P.R. 648, resolvió que a menos que se demostrara que debía darse preferencia a otros casos, el hecho de que la corte estuviera ocupada no era excusa, y que, de ser necesario, podían suspenderse otros casos. El de *El Pueblo* v. *Padilla,* 36 D.P.R. 439, contiene un pronunciamiento similar. Había, sin embargo, un caso citado por el apelante—*El Pueblo* v. *Quirindongo,* 33 D.P.R. 448—en que se radicó la acusación en octubre 19 y no le fué leída al acusado hasta fines de diciembre del mismo año. Resolvimos que si la acusación hubiera sido leída oportunamente, no se había mostrado razón alguna por la cual no se juzgó al acusado durante el término criminal de octubre y noviembre. El Tribunal declaró, además, que no había motivo alguno por el cual no debió señalarse el caso para una fecha más temprana.

Antes de declararse sin lugar la moción de archivo y sobreseimiento presentada en este caso, fué llamado a declarar el Secretario de la corte. La Corte de Distrito de Guayama

había celebrado un término para la vista de delitos menos grave, que duró desde el 3 al 10 de febrero. Nos inclinamos a convenir con el apelante en que no se demostró suficientemente que este caso no pudiera haber sido señalado y visto más o menos para la misma época. Se habla bastante en el récord de la necesidad de ver los casos en apelación, pero aun algunos de esos casos pudieron haber sido suspendidos para permitir que éste en particular fuese juzgado. El secretario de la corte también llamó la atención hacia los casos civiles que la corte había visto, pero uno de ellos pudo ser aplazado para que éste fuese señalado y visto. Según apuntamos en el caso de *El Pueblo* v. *Quirindongo, supra,* el derecho que tiene todo ciudadano a un juicio rápido debe tenerse siempre presente por los funcionarios judiciales. Nos parece que siempre es posible suspender algún otro caso. Los hechos reseñados en la declaración del secretario no nos convencen en absoluto de que el caso no pudiera haber sido visto.

En el caso que nos ocupa la corte inferior adujo un segundo motivo, el de no ser fácil obtener los químicos del Departamento de Sanidad, pero, evidentemente, pueden hacerse arreglos para citar a esta clase de testigos. Es innecesario considerar el otro error imputado.

*Debe revocarse la sentencia y absolverse al acusado.*