EL PUEBLO, DEMANDANTE Y APELADO, *v.* CEPEDA, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Segundo, en causa por violación.

No. 1999.—Resuelto en febrero 9, 1923.

SOBRESEIMIENTO DE LA ACUSACIÓN—JUICIO RÁPIDO.—El hecho de que un acusado
haya convenido en la suspensión de la vista de su caso no le impide solicitar
luego el sobreseimiento a que se refiere el artículo 448 del Código de Enjuicia-
miento Criminal, si después de la suspensión transcurren 120 días sin que
el caso sea llamado nuevamente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. S. Pesquera* y *J. B.
Soto.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión
del tribunal.

Este es un caso de violación. El acusado fué juzgado
ante el tribunal de derecho, por haberlo así solicitado, y ce-
lebrado el juicio se le declaró culpable del delito imputádole
en la acusación.

Antes de empezar el juicio, el acusado pidió de la corte
se ordenara el sobreseimiento del caso, por el fundamento
de haber transcurrido el término de 120 días sin que se hu-
biera celebrado el juicio y sin que el acusado hubiera pedido
la suspensión del mismo.

El fiscal se opuso a la moción y alegó que en noviembre
de 1921 el acusado había estado conforme en suspender la
vista del caso, cuya suspensión había sido solicitada por
dicho fiscal.

La acusación fué presentada el 4 de abril de 1921. En
noviembre de 1921, fecha a que se refiere el fiscal, ya ha-
bían transcurrido más de siete meses desde la presentación
de la acusación. El juicio fué celebrado después de aquella
suspensión, el 3 de abril de 1922, transcurriendo de nuevo
más de 120 días.

Estamos conformes en que al acceder el acusado a la suspensión de la vista en noviembre de 1921, implícitamente renunció al derecho que tenía en aquel momento a que se sobreseyera la acusación de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal, pero no en que su anuencia a la suspención pueda interpretarse como una renuncia absoluta al derecho que a un juicio rápido le garantizan el artículo 11 del propio Código de Enjuiciamiento Criminal y el 2 de la Ley Orgánica.

Si después de la suspensión la corte no señala la vista para dentro de un término razonable en armonía con el espíritu de la ley, concretado en cuanto a término razonable en el artículo 448 del Código de Enjuiciamiento Criminal, surge necesariamente en el acusado de nuevo el derecho a pedir el sobreseimiento.

Aquí la corte dejó pasar, como hemos consignado, después de suspendida la vista, más de cuatro meses sin celebrar el juicio, transcurriendo, por tanto, más de los ciento veinte días fijados por el propio legislador para el primer caso, y el sobreseimiento debió decretarse. Al no hacerlo así, cometió la corte el error que señala el apelante en su alegato.

Ahora bien, trantándose, como se trata, de un delito de violación, *felony,* de acuerdo con las propias prescripciones de la ley, artículo 452 del Código de Enjuiciamiento Criminal, el auto de sobreseimiento no impedirá la formación de otro proceso por el mismo delito.

Por las razones expuestas, debe revocarse la sentencia y ordenarse el sobreseimiento del caso.

*Revocada la sentencia apelada y sobreseído el caso.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.