El Pueblo de Puerto Rico, demandante y apelado, *v.* Vicente Ramos, acusado y apelante.

No. 4040.—*Sometido:* Febrero 18, 1930. *Resuelto:* Abril 7, 1930.

*F. Cervoni Gely,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Vicente Ramos fué convicto del delito de hurto, primero en una corte municipal, y después, luego de celebrarse un juicio *de novo*, en la corte de distrito. Su única contención ahora es que la corte de distrito cometió error al declarar sin lugar una moción para sobreseer la denuncia por haber transcurrido más de ciento veinte días desde su arresto a la celebración del juicio en la corte municipal.

En una moción radicada en la corte municipal con fecha 30 de julio de 1929 se dice que el acusado había estado en la cárcel desde el 18 de marzo, que su caso no había sido juzgado y que no existía justa causa para la demora. Esta moción fué declarada sin lugar por el juez municipal el 13 de agosto. La resolución no especifica los fundamentos en que se basó.

El artículo 448 del Código de Enjuiciamiento Criminal dispone que:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1.—Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2.—Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

La denuncia fué radicada el 22 de abril. En esa fecha el término de sesenta días no había expirado. Los ciento veinte días del segundo inciso no habían transcurrido cuando se presentó la moción en la corte municipal. Los autos no revelan la fecha en que se celebró el juicio en aquella corte. La ley no contiene disposición alguna sobre el sobreseimiento de una causa criminal por el hecho de que un acusado no sea sometido a juicio dentro de ciento veinte días a partir desde la fecha del arresto; claramente especifica sesenta días desde el arresto hasta la radicación de la denuncia, y

ciento veinte días a partir desde entonces hasta la celebración del juicio, lo que hace un total de ciento ochenta días entre la fecha del arresto y la del juicio.

Cuando se presentó la moción ante la corte de distrito, el fiscal "admitió" que la Corte Municipal de Fajardo había señalado el caso para juicio en tres ocasiones "desde el mes de febrero"; que en dichas tres ocasiones el acusado había sido conducido de Humacao a Fajardo por el alcaide de la cárcel de distrito; y que en cada ocasión el juicio había sido suspendido por la corte municipal. Fuera de esto, la exposición del caso guarda silencio. Ni siquiera demuestra que se llamara la atención del juez de distrito hacia el hecho de que se había presentado una moción ante la corte municipal. Cuando se traslució que el juez municipal señaló el caso tres veces para juicio y que al llamarlo ordenó su suspensión, era de presumirse que el acusado consintió la suspensión.

La corte de distrito no cometió error al declarar sin lugar la moción del acusado, tal como fué sometida por la admisión del fiscal de distrito, *y debe confirmarse la sentencia apelada.*