César Garcés, peticionario, *v.* Corte de Distrito de Arecibo, Hon. Luis Mercader, Juez Sustituto, recurrida.

Núms. 327, 328, 329.—*Sometidos:* Julio 15, 1939. *Resueltos:* Julio 19, 1939.

*Diego E. Ramos,* abogado del peticionario; *Luis Mercader, pro se.*

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

César Garcés fué acusado ante la Corte Municipal de Arecibo de un delito de falsa representación en febrero 21, 1938, de otro de acometimiento y agresión en diciembre 17, 1938, y de otro contra la Ley de Rentas Internas en enero 18, 1938.

Por los tres fué condenado y de las tres sentencias apeló para ante la corte del distrito radicándose en ésta los autos de la primera causa en marzo 26, 1938, de la segunda en enero 17, 1938 y de la tercera en abril 4, 1938.

Señalados por la corte de distrito los nuevos juicios en los tres casos, se pidió la suspensión de los mismos por el acusado por medio de su abogado y la corte accedió en mayo 16, 1938, en mayo 12, 1938 y en julio 1, 1938, respectivamente.

En junio 16, 1939, el acusado presentó mociones de sobreseimiento y archivo en los tres casos. Son iguales substancialmente. Bastará transcribir la parte pertinente de la correspondiente al primero para enterarnos de sus fundamentos. Dice:

"2. Que en dicha solicitud de suspensión el acusado renunció su derecho al término prescriptivo que le favoreciera, así como a un juicio rápido.

"3. Que recientemente este acusado ha sido notificado para comparecer a juicio en este caso, el que deberá tener lugar el próximo martes, día 20 de junio de 1939.

"4. Que desde la última suspensión concedida al acusado hasta la fecha actual ha transcurrido con exceso UN AÑO, sin que este acusado haya sido sometido a juicio.

"5. Que la renuncia a que se refiere el párrafo 2 es efectiva durante 120 días contados desde la fecha en que le fuera concedida la suspensión arriba mencionada, pero una vez expirado ese período entiende el acusado que el término de prescripción comienza a correr de nuevo, no existiendo renuncia alguna hecha por el acusado posterior a dicho término de 120."

Oídas las mociones, la corte las declaró sin lugar y el acusado radicó tres peticiones de *mandamus* ante esta Corte Suprema. Expedidos los autos en forma alternativa, el diez de julio actual compareció el demandado y alegó las razones que tenía para que no se ordenara en definitiva lo solicitado. También compareció el peticionario y argumentó en favor de sus demandas.

██ Se invoca por el peticionario el caso de *de Gracia* v. *Corte*, 52 D.P.R. 607. En efecto en dicho caso esta corte resolvió, copiando del resumen, que "Cuando no se adoptan medidas que revelen acatamiento del mandato legislativo contenido en el inciso 2, artículo 448 del Código de Enjuiciamiento Criminal y la imposibilidad material de luego cumplirlo y no ya transcurren 120 días si que 340 sin que se tome acción respecto al juicio de una causa pendiente, se

infringe el derecho constitucional del acusado a un juicio rápido y procede el *mandamus* para hacer valer dicho derecho.''

Y es lo cierto también que en cada uno de los casos que estamos considerando transcurrieron términos semejantes al del caso invocado sin que la corte actuara, pero aquí las circunstancias concurrentes son bien distintas a las del caso de de Gracia, supra.

En ese caso nunca el juicio fué señalado, ni el acusado pidió suspensión alguna, ni renunció expresa o tácitamente su derecho a un juicio rápido, mientras que en éstos la corte señaló dentro del término de ley los nuevos juicios y fué el acusado el que pidió para su propio beneficio que se suspendieran, renunciando además de modo expreso ''su derecho al término prescriptivo que lo favoreciera, así como a un juicio rápido'' y luego no hizo gestión alguna hasta que se enteró que la corte había señalado otra vez día para los nuevos juicios.

Resumiendo la jurisprudencia, dice Corpus Juris:

''Un acusado puede renunciar a su derecho a un juicio rápido. Esto puede hacerlo bien consintiendo a ello, o dejando de oponerse, o solicitando la posposición del juicio.'' 16 C. J. 448.

Y antes había dicho:

''El acusado no tiene derecho a ser absuelto cuando ha dilatado el juicio como consecuencia de sus propios actos, como . . . solicitar o consentir la posposición del juicio, . . .'' 16 C. J. 444.

El hecho de que después de la suspensión hubiera transcurrido más del término fijado por el estatuto sin que la corte actuara de nuevo señalando la vista, no tiene, dadas las circunstancias concurrentes en este caso, influencia decisiva. La tendría si el acusado meramente hubiera consentido una suspensión pedida por el fiscal. Aquí como sabemos fué el propio acusado el que pidió la suspensión y no se limitó a pedirla si que expresamente renunció su derecho a un juicio rápido y ''al término prescriptivo que le favore-

ciera'' y esa renuncia del término era prospectiva y no retrospectiva porque la corte había actuado con la rapidez debida señalando las causas en tiempo cuando las peticiones de suspensión se presentaron y las renuncias se hicieron.

En un memorándum presentado por el peticionario por su abogado después de la vista se insiste fuertemente en que los casos de *El Pueblo* v. *Cepeda,* 31 D.P.R. 489 y *El Pueblo* v. *Buckley,* 47 P. 1009, le favorecen.

En el primero de dichos casos esta propia corte, por medio de su Juez Asociado Sr. Franco Soto, se expresó así:

''Antes de empezar el juicio, el acusado pidió de la corte se ordenara el sobreseimiento del caso, por el fundamento de haber transcurrido el término de 120 días sin que se hubiera celebrado el juicio y sin que el acusado hubiera pedido la suspensión del mismo.

''El fiscal se opuso a la moción y alegó que en noviembre de 1921 el acusado había estado conforme en suspender la vista del caso, cuya suspensión había sido solicitada por dicho fiscal.

''La acusación fué presentada el 4 de abril de 1921. En noviembre de 1921, fecha a que se refiere el fiscal, ya habían transcurrido más de siete meses desde la presentación de la acusación. El juicio fué celebrado después de aquella suspensión, el 3 de abril de 1922, transcurriendo de nuevo más de 120 días.

''Estamos conformes en que al acceder el acusado a la suspensión de la vista en noviembre de 1921, implícitamente renunció al derecho que tenía en aquel momento a que se sobreseyera la acusación de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal, pero no en que su anuencia a la suspensión pueda interpretarse como una renuncia absoluta al derecho que a un juicio rápido le garantizan el artículo 11 del propio Código de Enjuiciamiento Criminal y el 2 de la Ley Orgánica.

''Si después de la suspensión la corte no señala la vista para dentro de un término razonable en armonía con el espíritu de la ley, concretado en cuanto a término razonable en el artículo 448 del Código de Enjuiciamiento Criminal, surge necesariamente en el acusado de nuevo el derecho a pedir el sobreseimiento.

''Aquí la corte dejó pasar, como hemos consignado, después de suspendida la vista, más de cuatro meses sin celebrar el juicio, transcurriendo, por tanto, más de los ciento veinte días fijados por el propio legislador para el primer caso, y el sobreseimiento debió

decretarse. Al no hacerlo así, cometió la corte el error que señala el apelante en su alegato.''

Como puede verse, las circunstancias varían. La renuncia implícita de Cepeda lo fué al derecho que tenía en el momento de pedir la suspensión. De ahí en adelante comenzaba a regir con toda su fuerza el precepto legal. Mientras que en el caso que está ahora sometido a nuestra consideración la renuncia como ya dijimos era prospectiva y se hizo en términos tales que el derecho a un juicio rápido en sí mismo dejó de existir por la expresa voluntad del acusado.

La misma diferencia se advierte entre este caso y el de *Buckley,* supra. Allí dijo la Corte Suprema de California por medio del Juez Temple:

''El acusado no fué juzgado dentro de los sesenta días después de radicada la acusación. Solicitó por esta razón el sobreseimiento y archivo del proceso en su contra. Su moción fué desestimada y y se descansa aquí sobre el error de la resolución recaída. Tanto la constitución como las leyes garantizan un juicio rápido, y la sec. 1382 del Código Penal dispone que se sobreseerá y archivará el proceso, a menos que puedan aducirse buenas razones en su contra, si un acusado a quien no se le ha pospuesto el juicio a petición suya, no se le celebra dentro de los 60 días después de radicada la acusación. Se denegó la moción porque (1) el mismo acusado solicitó y obtuvo una prórroga; . . . .

''El caso fué pospuesto a petición del acusado, del día 12 de febrero, 1895, al día 13—un día. ¿Podría privar por completo a un acusado una prórroga de un día concedida a solicitud suya de la garantía constitucional a un juicio rápido? Ciertamente no, e interpretar en esa forma el estatuto sería irrazonable.''

Parece conveniente decir que en el caso de Buckley, supra, la corte consideró los méritos y concluyó que la evidencia era insuficiente para sostener el veredicto del Jurado en contra del acusado y que con esa parte de la opinión mostraron su conformidad los jueces McFarland y Harrison, disintiendo en la parte que se refería al sobreseimiento. Otro de los jueces, el Sr. Garoutte, estuvo conforme con la revocación por las razones que expuso en su opinión concu-

rrente entre las cuales no se encuentra la del sobreseimiento. Sólo los jueces Van Fleet y Henshaw estuvieron conformes con la opinión íntegra del Juez Temple. Y parece conveniente también llamar la atención a que la suspensión obtenida por Buckley lo fué por un día, esto es, señalado el juicio para febrero doce obtuvo que se transfiriera para febrero trece y eso no obstante no se celebró hasta marzo diez y ocho.

*Siendo las expuestas las circunstancias concurrentes en los tres casos, debe declararse no haber lugar a ordenar a la corte de distrito que los sobresea y archive y en su consecuencia desestimarse las peticiones.*

El Juez Asociado Sr. Travieso no intervino.