EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO FIGUEROA PIZARRO, acusado y apelante.

Núm. 7850.—*Sometido:* Diciembre 6, 1939. *Resuelto:* Diciembre 15, 1939.

*Gustavo Benítez Gautier* y *Jorge Benítez Gautier,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El acusado apelante fué convicto de un delito de homicidio involuntario y condenado a la pena de cinco meses de cárcel. Basa su recurso de apelación en dos señalamientos de error. El primero se refiere a la denegación de una moción para el archivo y sobreseimiento de la causa, por no haberse celebrado el juicio dentro de los 120 días después de radicada la acusación, de acuerdo con lo dispuesto por el artículo 448 del Código de Enjuiciamiento Criminal; y en

el segundo se dice que el jurado erró en la apreciación de la prueba, la cual era además insuficiente para sostener el veredicto.

■ De la resolución dictada por la corte inferior al denegar la moción de archivo y sobreseimiento aparece que en oposición a dicha moción el fiscal ofreció el testimonio del subsecretario de la corte, por medio del cual se estableció que la acusación fué radicada el 28 de septiembre de 1936 y leída al acusado el 9 de octubre de 1936; que el juicio por jurado fué señalado para marzo 4, 1937, en cuya fecha hubo de ser suspendido por estar la corte ocupada en la celebración de un juicio por asesinato; que habiendo sido señalado nuevamente para el 10 de diciembre de 1937, hubo de suspenderse por segunda vez por estar la corte ocupada en otro juicio por asesinato; que fuera de esas dos ocasiones en que se señaló el caso para juicio, no había habido tiempo material para celebrarlo, porque el calendario criminal estaba completamente ocupado; y que durante todo ese tiempo el acusado estuvo en libertad bajo fianza.

No erró la corte inferior al negarse a decretar el sobreseimiento y archivo del proceso. La causa alegada por el fiscal para excusar la dilación en la celebración del juicio es en nuestra opinión justa y suficiente. Véanse: *El Pueblo* v. *Nigaglioni*, 28 D.P.R. 232; *El Pueblo* v. *Romero*, 39 D.P.R. 557; *El Pueblo* v. *Cabán*, 45 D.P.R. 217 y *Gerardino* v. *People*, 29 F. (2d) 517.

■ De la evidencia, considerada en conjunto, resultan serias contradicciones. La prueba del Pueblo tendía a demostrar que en el momento del accidente el acusado iba guiando el automóvil a una velocidad excesiva; que no tocó *klaxon* ni aparato alguno de alarma; y que el acusado se encontraba en ese momento en estado de embriaguez. La prueba aducida por el acusado tendía a sostener todo lo contrario. El jurado dió crédito a los testigos del Pueblo, dirimiendo en contra del acusado el conflicto resultante de la prueba.

Siendo la prueba de cargo ampliamente suficiente para sostener el veredicto, sin que se alegue o pueda presumirse que el jurado actuara movido por pasión, prejuicio o parcialidad al apreciarla, es nuestro deber respetar el fallo del jurado y *confirmar la sentencia recurrida.*

El Juez Presidente Sr. Del Toro no intervino.