EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ BALZAC BÁEZ, acusado y apelante.

Núm. 8033.—*Sometido:* Marzo 15, 1940. *Resuelto:* Abril 30, 1940.

*Enrique Báez García,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez, en apelación de la corte municipal, declaró al acusado culpable de acometimiento y agresión grave por haber acometido y agredido con los puños a una mujer.

El acusado fué convicto, pero no sin antes haber presentado varias mociones de archivo y sobreseimiento por no haber sido juzgado dentro del término de 120 días contado a partir de la fecha de la radicación de los autos en la Corte de Distrito de Mayagüez.

El artículo 448 del Código de Enjuiciamiento Criminal provee:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1.—Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2.—Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

Cuando de una apelación de la corte municipal se trata, hemos interpretado ese artículo como que se refiere al momento en que se radican los autos en la corte de distrito. *Pueblo* v. *Correa,* 34 D.P.R. 884; *Pueblo* v. *Mercado,* 27 D.P.R. 568.

Los autos de este caso fueron radicados en la corte de distrito el 28 de julio de 1938. El caso fué señalado y finalmente celebrado el juicio el 4 de febrero de 1939. El apelante sostiene que transcurrieron 191 días entre la radicación de los autos y el juicio del caso. Esto parece ser correcto. Bajo estas circunstancias, el fiscal estaba obligado a probar que cualesquiera suspensiones fueron hechas por justa causa. El caso fué originalmente señalado para el 27 de agosto de 1938 y el fiscal alega, y los autos demuestran que, toda vez que se señalaron otros casos antes que éste, el mismo no pudo ser visto porque no se llegó a él. El siguiente señalamiento del caso se hizo para el 17 de noviembre de 1938 y el fiscal no nos hace constar claramente por qué no pudo señalarse para antes de esa fecha. Para aquel entonces habían transcurrido 100 días. Sucede que en noviembre 17 el fiscal de distrito en propiedad no estaba presente y el fiscal sustituto no estaba allí, o no podía estarlo, por haber sido comisionado para hacer cierto trabajo especial para el Procurador General de Puerto Rico.

El 25 de enero de 1939 el caso fué señalado para el 4 de febrero del mismo año. La moción enmendada de archivo y sobreseimiento fué radicada el día 3 de febrero de 1939. Aparentemente la corte inferior descansó en el caso de *El Pueblo* v. *Ramos,* 40 D.P.R. 802. Hemos leído ese caso y no hallamos que el mismo tenga verdadera aplicación, espe-

·cialmente porque en dicho caso los 120 días no habían transcurrido cuando se presentó la moción de sobreseimiento.

Los varios casos que por otro lado cita el fiscal para sostener la actuación de la corte inferior son los de *El Pueblo* v. *Matos,* 26 D.P.R. 586; *Pueblo* v. *Figueroa,* 55 D.P.R. 762 y *Garcés* v. *Corte de Distrito,* 55 D.P.R. 336, 338. Ninguno de estos casos en realidad nos ayuda. No creemos por ejemplo que el mero hecho de que el acusado, al ser llamado el caso para juicio, dejara de oponerse a la posposición del mismo, milite en su contra. El caso de *El Pueblo* v. *Ramos,* supra, no dice tal cosa. Creemos que el fiscal de distrito está obligado a demostrar que el acusado concurrió en forma activa a la suspensión del juicio. El estatuto lee: ''cuyo juicio no haya sido transferido a petición suya''.

■ No recordamos de momento por qué el fiscal en propiedad estaba ausente, mas sí sabemos que el Procurador General nombró un fiscal sustituto que, a instancias de dicho funcionario, estaba dedicado a otros deberes y alegó tal circunstancia al ser llamado el caso el 17 de noviembre de 1938.

Éste es uno de los hechos salientes de ese caso. Si el fiscal en propiedad no podía asistir al juicio, debió haberse nombrado a alguien o su ausencia explicada satisfactoriamente. Del caso en su totalidad estamos convencidos de que al acusado pudo sometérsele a juicio dentro de los 191 días que transcurrieron entre la radicación de los autos en apelación y la vista del caso.

■ No creemos que deba comenzarse a contar un nuevo término de 120 días cada vez que se pospone un caso por justa causa. Ello dependería de todas las circunstancias.

Podríamos entonces tomar la sugestión que hizo la Corte de Circuito de Apelaciones para el primer Circuito en el caso de *Gerardino* v. *People of Puerto Rico,* 29 F. (2d) 517, al efecto de que la cuestión de un juicio ''rápido'' no se limita necesariamente a 120 días. La Corte de Circuito de Apelaciones dijo que la definición legislativa merecía una razonable consideración que sin embargo no era obligatoria para

dicho tribunal: que aquella corte estaba en entera libertad de resolver que el de 120 días era un término demasiado largo o demasiado corto para que estuviera dentro del significado razonable de la palabra "rápido". Es decir, interpretando las palabras de la Carta Orgánica de que todo acusado tiene derecho a un juicio rápido. Los funcionarios del gobierno debieron hallar la forma de lograr el juicio del caso dentro de los 191 días de que hemos hablado.

*Debe revocarse la sentencia y absolverse al acusado.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso disintieron.*