EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AURELIO RAMOS JUSTINIANO, acusado y apelante.

Núm. 8459.—*Sometido:* Enero 23, 1941. *Resuelto:* Enero 24, 1941.

*Ildefonso Freyre,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

En enero 27, 1939, el fiscal del distrito de Mayagüez formuló acusación contra Aurelio Ramos Justiniano por el

delito de tener en su posesión cierta arma de fuego sin declararla y registrarla como ordena la Ley núm. 14 de 1936 ((2) pág. 129).

Señalada la vista para abril 11 siguiente, el acusado pidió la suspensión por hallarse enfermo. Su moción contiene una alegación que dice: "Que el acusado renuncia a un juicio rápido si se le concede esta suspensión del juicio." La corte accedió.

Señalada de nuevo la vista, fué suspendida a petición del fiscal formulada en julio 20, 1939.

Para el 13 de septiembre se señaló otra vez el juicio y ese mismo día el acusado pidió su suspensión haciendo constar que renunciaba a su derecho a un juicio rápido si se le concedía. La corte accedió.

El 24 de noviembre fué la próxima fecha señalada para juicio, repitiéndose la petición de suspensión por parte del acusado, reiterando su renuncia de su derecho a un juicio rápido.

Señalada la vista para febrero primero, 1940, hubo de suspenderse "por ser abogado del acusado el Lic. Ildefonso Freyre quien está actuando como fiscal interino."

Así las cosas y fijado el juicio para el 26 de junio de 1940, el acusado, por su abogado Ildefonso Freyre, el 20 del propio mes y año presentó una moción de sobreseimiento basada en que habían transcurrido más de ciento veinte días entre el primero de febrero, día en que se suspendió la vista, y el en que se presentaba la moción, sin haberse celebrado el juicio.

La moción fué señalada para discutirse el 26 de junio, día del juicio, y oídas ambas partes, la corte la declaró sin lugar. Procedióse a la práctica de la evidencia. Terminada la de cargo, el acusado presentó una moción de *nonsuit* que fué desestimada por la corte. Tomó excepción y manifestó que no presentaría prueba, sometiendo el caso. La corte dictó sentencia declarándolo culpable e imponiéndole seis meses de cárcel, con abono de la prisión preventiva.

Fué contra esa sentencia que se interpuso el presente recurso de apelación, asignándose dos errores como cometidos por la corte al no acceder a lo solicitado en las mociones de sobreseimiento y de *nonsuit.*

Examinemos el primer error. Ya expusimos lo ocurrido en relación con la celebración del juicio. Repetidamente fué señalado por la corte dentro del término de ley. En tres ocasiones fué suspendido a petición del propio acusado renunciando éste en las tres su derecho a un juicio rápido. Una cuarta vez fué suspendido por ser su defensor fiscal interino de la corte.

Entre esa última suspensión decretada en febrero primero de 1940 y la fecha del nuevo señalamiento, junio 26, 1940, mediaron más de ciento veinte días, circunstancia que aprovechó el acusado después que los ciento veinte días habían transcurrido, para pedir el sobreseimiento.

Siendo ésas las circunstancias concurrentes, el caso guarda más semejanza con el de *Garcés* v. *Corte,* 55 D.P.R. 336 que con el de *Pueblo* v. *Cepeda,* 31 D.P.R. 489 que se analiza y distingue en el de *Garcés,* debiendo en su consecuencia resolverse que no cometió error la corte sentenciadora al aplicar la regla sentada en el primero y no acceder a la petición de sobreseimiento.

No en una sino en varias ocasiones el juicio pudo celebrarse dentro del término de ley y fué a petición del propio acusado que no se celebró. Y no se limitó el acusado a pedir las suspensiones si que cada vez que lo hizo consignó expresamente que renunciaba su derecho a un juicio rápido.

¿Puede, bajo esas circunstancias, aprovecharse de una diferencia de sólo veinte días para pedir el sobreseimiento? A nuestro juicio no puede.

Si el acusado deseaba poner un límite a sus renuncias al derecho que invocó en junio 20, 1940, debió hacer alguna gestión en tiempo, para que el derecho surgiera de nuevo en toda su plenitud. Y no lo hizo. Al contrario, deliberadamente esperó a que los ciento veinte días transcurrieran

902

·para presentar su moción, cuando ya la corte no estaba en condiciones de adelantar el señalamiento, si es que ello era posible.

En tal virtud debemos concluir que no está bien fundado el primer señalamiento de error.

■ Tampoco encontramos que lo esté el segundo.

Para demostrar su existencia invoca el apelante la jurisprudencia de esta corte interpretando la ley por cuya infracción se le castigó, establecida en *Pueblo* v. *Díaz,* 55 D.P.R. 629, 632, en el sentido de que la residencia del acusado debe alegarse y probarse lo mismo que cualquiera otra alegación fundamental en esta clase de delitos a los efectos de demostrar el sitio donde debió inscribirse el arma, y sostiene que el fiscal dejó de probar su residencia en Mayagüez.

Sin embargo, examinada la evidencia encontramos en ella elementos suficientes para concluir como concluyó la corte que la residencia del acusado en Mayagüez al tiempo de ocupársele el revólver quedó demostrada por la prueba del fiscal. No sólo declararon los testigos Oscar Correa y Alfonso Matos que para esa fecha vivía y continuó viviendo después el acusado en el callejón "Cristí" de Mayagüez si que tenía allí un comercio, una tienda, desde hacía alrededor de tres meses.

*No habiéndose cometido ninguno de los errores señalados, el recurso debe declararse sin lugar y confirmarse la sentencia apelada.*