EL PUEBLO, DEMANDANTE Y APELADO, *v.* NIGAGLIONI, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción a la ley de arbitrios.

No. 1484.—Resuelto en marzo 29, 1920.

SOBRESEIMIENTO DEL PROCESO—JUICIO RÁPIDO—JUSTA CAUSA PARA EL APLAZAMIENTO.—Examinadas todas las circunstancias que concurrieron en este caso y que se exponen en la opinión, *se resolvió:* que existió una justa causa para la no celebración del juicio dentro del período de ciento veinte días que fija la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Torres Grau.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La denuncia, base de esta causa, se presentó en la Corte Municipal de Yauco, P. R. Fué condenado el acusado y apeló para ante la Corte de Distrito de Ponce. Se radicaron los autos en la corte de apelación el 9 de julio de 1919, y el acusado, el 12 de diciembre de 1919, solicitó el sobreseimiento de la misma por no haberse celebrado el juicio dentro de los ciento veinte días que fija la ley. Artículo 448 del Código de Enjuiciamiento Criminal.

La corte declaró sin lugar la moción de sobreseimiento

porque si bien era verdad que habían transcurrido más de
ciento veinte días contados a partir del 9 de julio, había exis-
tido una justa causa para la no celebración del juicio, a
saber: que el 10 de julio entró la corte a celebrar juicios
por jurado terminando el 29 del propio mes; que en los meses
de agosto y septiembre la corte estuvo en vacaciones,
de acuerdo con la ley, y que al reanudar sus sesiones en
octubre, la corte comenzó a celebrar los juicios en pleitos civi-
les sometidos a su decisión, permaneciendo ocupada constante-
mente hasta que inició el término criminal y tocó el turno,
en diciembre, a la causa de que se trata aquí.

A nuestro juicio, sumadas todas las circunstancias que
concurren en este caso, es necesario reconocer que existió
en verdad la justa causa que requieren la ley y la jurispru-
dencia. Véanse los casos de *El Pueblo* v. *Díaz*, 5 D. P. R.
414; *People* v. *Henry*, 77 Cal. 445; *People* v. *Camilo*, 69
Cal. 540.

El hecho aislado de que la corte hubiera estado en va-
caciones, no hubiera sido suficiente por si solo: los días que
las cortes de distrito permanezcan en vacaciones, aunque
dichas vacaciones estén autorizadas por la ley, no pueden
descontarse del término que la misma ley fija para la cele-
bración de los juicios en causas criminales concretando así
el derecho al juicio rápido que tienen todos los ciudadanos
en esta isla. Tampoco la celebración de asuntos civiles hu-
biera sido suficiente por si sola. El hecho de estar la corte
enteramente dedicada a otras causas criminales, hubiera bas-
tado por si mismo.

Repetimos que es el conjunto de las circunstancias que
concurren en este caso lo que nos lleva a apreciar la exis-
tencia de la justa causa. Convenimos en que las cortes de
distrito, especialmente algunas de ellas, en el ejercicio de
su jurisdicción original y de apelación tanto en lo civil como
en lo criminal, son tribunales muy ocupados, pero sus jue-
ces deben fijar sus términos de tal modo que las causas cri-
minales se señalen dentro de los cuatro meses marcados por

la ley. Si para ello es necesario dar preferencia a lo criminal, la preferencia estará justificada.

Desestimada la moción de sobreseimiento, el acusado se declaró culpable de la infracción a la Ley de Arbitrios que se le imputaba en la denuncia y la corte le impuso una multa de cien dólares y en defecto de pago un día de cárcel por cada dollar que dejare de satisfacer, no excediendo la prisión de treinta días.

En el informe que presentó a esta Corte Suprema el fiscal pide que se modifique la sentencia apelada, conformándola a los términos de la ley de 8 de abril de 1916 para enmendar la sección 54 del Código de Enjuiciamiento Criminal, sustituyendo las palabras "no excediendo la prisión de 30 días", por estas otras: "no excediendo la prisión de 90 días."

Por las mismas razones que se han expuesto en el caso de *El Pueblo* v. *Nicot* que acaba de decidirse, no nos sentimos inclinados a resolver la cuestión suscitada por el fiscal.

En su alegato el apelante se limita a discutir la cuestión del sobreseimiento, que hemos ya decidido, y habiendo examinado la denuncia y la ley aplicable y no encontrando que se haya cometido error alguno, la sentencia condenatoria dictada debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.