## EL PUEBLO, DEMANDANTE Y APELADO, *v.* IRIZARRY, ACUSADO Y APELANTE.

### No. 2242.—*Visto:* Mayo 2, 1924. *Resuelto:* Mayo 22, 1924.

SOBRESEIMIENTO DE LA CAUSA—JUICIO RÁPIDO—JUSTA CAUSA PARA LA TARDANZA DEL JUICIO.—En este caso la acusación fué presentada el 29 de junio, leída al acusado el 13 de julio y celebrado el juicio el 7 de noviembre siguiente. Pedido por el acusado el sobreseimiento basándose en el artículo 448 del Código de Enjuiciamiento Criminal, el fiscal alegó como justa causa de la tardanza el que las vacaciones de la corte tuvieron lugar en los meses de agosto y septiembre, que el término anterior a ellas fué de juicios criminales y también el término después de las mismas que comenzó el 8 de octubre, celebrándose algunas veces hasta treinta casos diarios, y que el 29 de octubre comenzaron los juicios por jurado correspondiendo el día 7 de noviembre al del acusado, habiendo estado la corte ocupada constantemente durante ese tiempo en esos juicios y celebrando algunas veces hasta dos juicios diarios por delitos graves. *Se resolvió:* que existió justa causa para la tardanza en la celebración del juicio.

MUTILACIÓN—INTENCIÓN DE MUTILAR.—En el delito de mutilación no es necesario probar la intención de mutilar. Basta que resulte la mutilación como consecuencia de una agresión. *El Pueblo* v. *Pizarro,* 21 D. P. R. 18.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado a un año de presidio por mutilación. *Confirmada.*

*Sr. A. Fiol Negrón,* abogado del apelante; *Sr. José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué declarado convicto por un jurado de un delito de mutilación y alega en la apelación que ha interpuesto contra la sentencia condenatoria que la corte inferior cometió error al negar su petición de que la causa fuera sobreseída por no haber sido celebrado el juicio dentro de los ciento veinte días siguientes a la presentación de

la acusación, de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal.

La acusación fué presentada el 29 de junio y le fué leída al acusado el 13 de julio, celebrándose el juicio el 7 de noviembre siguiente, siete días después de vencidos los 120 días a que se refiere la ley citada, contados desde la presentación de la acusación, pero el fiscal alegó como causa justa de esa tardanza que las vacaciones de la corte tuvieron lugar en los meses de agosto y septiembre, que el término anterior a ellas fué de juicios criminales y también el término después de las mismas, que comenzó el 8 de octubre, celebrándose algunas veces hasta treinta casos diarios, y que el 29 de octubre comenzaron los juicios por jurado correspondiendo el día 7 de noviembre al del acusado, habiendo estado la corte ocupada constantemente durante ese tiempo en esos juicios y celebrando algunas veces hasta dos juicios diarios por delitos graves.

En vista de esos hechos no podemos declarar que la corte inferior cometiera el error que le atribuye el apelante pues son suficientes para justificar una justa causa para la tardanza en celebrar la vista de la causa del apelante, según hemos declarado en el caso de *El Pueblo* v. *Nigaglioni,* 28 D.P.R. 232.

El segundo motivo de error se funda en que no se probó en el juicio la intención de mutilar, pero ya hemos resuelto en el caso de *El Pueblo* v. *Pizarro,* 21 D.P.R. 18, que no es necesaria tal prueba bastando solamente que resulte la mutilación como consecuencia de la agresión, y en el presente caso el apelante infirió con su machete una herida al lesionado en la articulación de la muñeca de la mano derecha que casi se la cercenó y como consecuencia de la cual ha perdido absolutamente los dedos índice y medio de dicha mano.

Por las razones expuestas la *sentencia apelada debe ser confirmada.*