ANDRÉS DE GRACIA TORRES, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA SIACA, JUEZ, demandada.

Núm. 308.—*Sometido:* Enero 24, 1938. *Resuelto:* Febrero 4, 1938.

*C. H. Juliá,* abogado del peticionario; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de la demandada.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

En diciembre 13 último se presentó en esta Corte Suprema una petición original de *mandamus,* alegándose substancialmente en ella que el peticionario Andrés de Gracia Torres fué acusado y procesado ante la Corte de Distrito de Humacao en septiembre 3, 1936, por un delito de homicidio involuntario, sin que la corte hasta agosto 13, 1937, señalara la causa para juicio, motivo por el cual el peticionario en dicha última fecha solicitó el archivo y sobreseimiento de la causa fundado en el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal (ed. de 1935) que dispone:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. .     .    .    .    .    .    .    .    .    .

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

Y continúa alegándose substancialmente que señalado día para oír la solicitud el fiscal del distrito se opuso alegando que no le había sido posible al tribunal actuar dado el exceso de trabajo existente en el mismo, sin aducir otros fundamentos o razones legales para la dilación, ofreciendo el testimonio del secretario de la corte que en síntesis declaró que la corte había tenido un término largo de casos civiles, que se había visto, además, un gran número de casos criminales, en-

tre ellos los *misdemeanors* de jurisdicción original en el distrito y aquéllos de las cortes municipales, sometiendo, además, un estado de los casos radicados y vistos entre los días 3 de septiembre de 1936 y 13 de agosto de 1937, siendo dicho estado como sigue:

*Felonies* _____ 308
*Misdemeanors* del fiscal _____ 201
Apelaciones procedentes de las cortes municipales ___ 298
       Total _____ 807

Y que de estos casos fueron resueltos:

*Felonies* _____ 111
*Misdemeanors* del fiscal _____ 100
Apelaciones _____ 210
       Total _____ 421,

expresando que en ese mismo período se habían radicado en la secretaría de dicha corte 902 casos civiles, habiéndose resuelto 594 de los mismos;

Que el peticionario contestó que la expuesta no era una causa justa para la no celebración del juicio dentro del período ordenado por la ley, acompañando un memorándum de autoridades al efecto;

Que la corte declaró sin lugar la solicitud, como sigue:

"En ningún período del año judicial está esta corte en receso. Su trabajo es continuo. Su labor diaria, acreditada por las actas, es grande y difícilmente superada por la de cualquier otra corte de análoga jurisdicción en la isla, aún considerando la de aquellos tribunales integrados por más de un magistrado. En esa labor incluye la vista de asuntos de derecho penal ante y sin jurado, de casos por delitos menos graves, originales de esta corte y apelados a la misma de las municipales del distrito, así como todo el movimiento de casos civiles de jurisdicción voluntaria, en rebeldía y contenciosos, incluyendo todos los incidentes que surgen durante la sustanciación de dichos casos y que requieren en la mayoría de las ocasiones vista y resolución separada. El despacho de esos asuntos responde a un orden que obedece a prescripciones de ley y de las reglas del tribunal, siguiendo el cual se señalan los casos con arreglo

al orden de radicación de los mismos (casos criminales), o al surgimiento de la contienda (casos civiles), en cada período respectivo sucesivo, salvo lo preceptuado en la ley con referencia a los acusados que no hayan podido prestar fianza y cuyos casos se encuentran entre aquéllos a ser señalados durante cualquiera de dichos períodos. Ese orden no se altera sino en aquellas ocasiones en que un acusado hace petición especial de que su caso se señale anticipadamente para hacer declaración de culpabilidad. Fuera de esta excepción, ninguna otra se establece. Ante tal situación, y con pleno conocimiento de los hechos que determinan y constituyen las actividades de esta Corte, por ella conocidos; y considerando que en vista de ello este caso no ha sufrido dilación alguna que no haya sido la misma de todos los demás, que se hallan en idénticas condiciones, no existiendo ausencia de justa causa para ello, se declara sin lugar la moción del acusado solicitando el sobreseimiento y archivo de este caso, el cual será señalado en su oportunidad.''

Y, por último, que el peticionario, que desde la radicación de la acusación había estado dispuesto a someterse a juicio y había reclamado su derecho a un juicio rápido de su causa, pedía a esta Corte Suprema que interviniera y ordenara a la corte de distrito por medio de un auto perentorio de *mandamus* el sobreseimiento del proceso, ya que los hechos que alegaba demostraban una clara infracción del artículo 448 del Código de Enjuiciamiento Criminal por su juez, que se excedió en su discreción al negarse a cumplir lo ordenado por la ley.

Seguidamente esta corte fijó el 10 de enero, 1938, para que la parte demandada compareciera a exponer las razones que pudieran existir para la no expedición del auto.

En la fecha fijada comparecieron el peticionario por su abogado y el fiscal de esta corte y advirtiéndose que no se había entregado copia de la petición al demandado, se transfirió la audiencia para el lunes siguiente 17 de enero. Ambas partes solicitaron que se pospusiera para el 24 en cuyo día comparecieron y el fiscal a nombre del demandado se allanó a que el auto se expidiera.

La ley es clara y la jurisprudencia abundante. Véase la nota al artículo 448 del Código de Enjuiciamiento

Criminal (ed. de 1935). El exceso de trabajo no es por sí solo fundamento bastante para dejar de cumplir el mandato del legislador. Medidas pueden adoptarse que revelen la voluntad de la Corte de acatarlo y la imposibilidad material en que luego se encontró de cumplirlo. No ya 120 días si que 340 transcurrieron sin que la corte de distrito tomara acción alguna con respecto al juicio de la causa pendiente ante ella a virtud de la acusación que contra el peticionario formulara el fiscal cuando se hizo la petición de sobreseimiento, ni hay noticia de que después de pedido y negado el sobreseimiento y archivo de la causa fuera señalada para juicio y eso ocurrió como sabemos en agosto de 1937. Todo revela una flagrante violación del derecho constitucional del acusado, regulado en su extensión por el estatuto. Y el *mandamus* expedido por esta corte cabe para hacer valer ese derecho. *Dyer v. Rossy,* 23 D.P.R. 772.

*Procede la expedición del auto perentorio solicitado.*

El Juez Asociado señor Córdova Dávila no intervino.