Núm. 7132.—Pueblo, apldo. *v.* Segarra et al., apltes.—C. D. Mayagüez. ▇▇▇▇▇▇▇▇▇▇ Julio 6, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Wolf.)

Por cuanto, la Corte de Distrito de Mayagüez, en 28 de noviembre de.1936, declaró culpables del delito de adulteración de leche a Fernando Segarra y Ramón Segarra, consistente en tener almacenada dicha leche para el consumo humano;

Por cuanto, los acusados arriba mencionados han apelado de la sentencia que les fué impuesta por la referida corte y han señalado errores que esencialmente van dirigidos a revisar la actuación de la corte inferior (*a*) al negarse a decretar el archivo y sobreseimiento del caso a pesar de no habérseles celebrado juicio a los acusados dentro del período de 120 días que señala el artículo 448 del Código de Enjuiciamiento Criminal, y (*b*) al declarar sin lugar una moción de *nonsuit* y al apreciar la prueba y declarar culpables a los acusados;

Por cuanto, de los autos se desprende que la moción de archivo y sobreseimiento se presentó varios días antes del día señalado para juicio y cuando ya habían transcurrido más de seis meses de habérseles leído la acusación a los acusados, sin que las razones aducidas por el Fiscal, únicas que se presentaron como justa causa para denegar dicho archivo y sobreseimiento, sean suficientes para excluir este caso de la doctrina sentada por esta corte en los casos de *De Gracia* v. *Corte,* 52 D.P.R. 607 y *González Molina* v. *Corte, Mandamus* núm. 313, resuelto en 24 de junio de 1938 (ante, pág. 977);

Por cuanto, de la prueba practicada se desprende únicamente que los acusados operaban un establecimiento de provisiones dentro del cual tenían una nevera; que los inspectores de Sanidad encontraron

un litro de leche de vaca adulterada dentro de la misma; que el perito químico que realizó el análisis declaró que la leche podía ser de la conocida en el mercado por el nombre de "Klim" o evaporada, sin presentarse prueba directa o circunstancial de que la leche iba a ser usada para fines industriales o de venta;

POR CUANTO, la evidencia expuesta es insuficiente para demostrar la culpabilidad de los acusados más allá de toda duda razonable, especialmente en vista de que es dudoso si el guardar un solo litro de leche en la nevera de un establecimiento de provisiones constituye "almacenar" dentro de los términos del estatuto y considerando la teoría expresada por esta corte en los casos de *El Pueblo* v. *Rivera*, 43 D.P.R. 929, *El Pueblo* v. *Bermúdez*, 35 D.P.R. 597 y *El Pueblo* v. *Blasco*, 33 D.P.R. 343;

POR CUANTO, visto el alegato del ministerio fiscal en el cual se allana a la revocación de la sentencia por entender que se cometieron claramente los dos errores ya relacionados;

POR TANTO, se revoca la sentencia de la corte inferior y se absuelve a los acusados.