El Pueblo de Puerto Rico, demandante y apelado, *v.* Victorio Rodríguez Rivera, acusado y apelante.

Núm. 8148.—*Sometido:* Junio 5, 1940. *Resuelto:* Junio 10, 1940.

*Enrique Báez García,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En 29 de julio de 1938 el fiscal radicó una acusación ante la Corte de Distrito de Mayagüez, contra el apelante, por un delito de infracción al artículo 7 de la Ley núm. 95 de 1937 (Leyes de 1936-37, pág. 240), consistente en que dicho acusado tenía en su poder y posesión una pistola sin haberla declarado y registrado en el distrito de su residencia ni en ningún otro distrito.

Con anterioridad a la presentación de dicha acusación, la policía había practicado un registro de la casa del acusado y ocupado allí una pistola, que es la que se describe en la acusación. El registro fué practicado a virtud de orden de allanamiento expedida por el Juez de Paz de Mayagüez.

La acusación fué leída al acusado el 27 de agosto de 1938, haciendo el acusado alegación de no culpable.

El 7 de octubre de 1938 el acusado solicitó se declarase nula la orden de allanamiento y su moción fué declarada sin lugar el día 14 del mismo mes, que era la misma fecha señalada para la celebración del juicio.

En diciembre 14, 1938, el acusado solicitó el sobreseimiento y archivo de la causa por haber transcurrido con exceso el término de 120 días dentro del cual debió celebrarse el juicio, de acuerdo con lo dispuesto por el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal. En apoyo de su moción alegó que el juicio nunca había sido suspendido a petición del acusado; que éste siempre estuvo listo para entrar a juicio desde que contestó la acusación; que la suspensión de la vista que había sido señalada para el día 14 de octubre de 1938 fué decretada a petición del fiscal por tener éste que ausentarse para San Juan; que en esa fecha el acusado compareció con su abogado y testigos, listo para entrar a juicio. La moción fué declarada sin lugar por el fundamento de que la prescripción había sido interrumpida por la moción del acusado para que se anulase la orden de allanamiento.

Del récord aparece que la vista del caso comenzó el 4 de febrero de 1939, en cuya fecha se practicó parte de la prueba del Pueblo, posponiendo la vista para el día 11 del mismo mes. No aparece del récord la razón por la cual no se continuó la vista el 11 de febrero. El 31 de marzo de 1939 la corte señaló el 10 de abril, 1939, para terminar el juicio. Tampoco hay constancia alguna de la razón por la cual no se celebró la vista el 10 de abril. El 18 de abril de 1939 se celebró la vista, siendo declarado el acusado culpable y condenado a seis meses de cárcel.

De los seis señalamientos en que se basa el presente recurso sólo merece consideración el segundo, que lee así:

"2do. La Corte de Distrito de Mayagüez cometió error de derecho al declarar sin lugar la moción de archivo y sobreseimiento presentada por el acusado."

 Tiene razón el apelante. Desde julio 29, 1938, fecha de presentación de la acusación, hasta diciembre 14 de 1938, fecha en que se solicitó el sobreseimiento, transcurrieron 138 días sin que el acusado fuese sometido a juicio y sin que se alegara causa legal suficiente para justificar la dilación.

En el caso de *El Pueblo* v. *Valdespino*, 31 D.P.R. 526, esta Corte Suprema resolvió que el tiempo que se consuma en mociones dilatorias y en sus resoluciones es una buena causa de excusa para justificar la demora y no sobreseer el caso.

La moción sobre nulidad de la orden de allanamiento no es de carácter dilatorio. Ella no tiene nada que ver con las alegaciones. Prueba de ello es que en el presente caso la vista de dicha moción fué señalada para el mismo día fijado para la celebración del juicio. En esa fecha la corte oyó y resolvió la moción; y no celebró el juicio porque el fiscal tenía que ausentarse. La moción no tuvo relación alguna con la suspensión de la vista del caso. Y fué error de la corte sentenciadora sostener como sostuvo que la radicación de dicha moción interrumpió el término estatutario de 120 días para la celebración del juicio.

*Debe revocarse la sentencia y absolverse al acusado.*

El Juez Presidente Sr. Del Toro no intervino.