GILBERTO CASTRO PÉREZ, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. LUIS JANER LANDRÓN, JUEZ, demandada.

Núm. 352.—*Sometido:* Mayo 29, 1941. *Resuelto:* Junio 4, 1941.

*V. Gutiérrez Franqui* y *M. Velázquez Flores,* abogados del peticionario.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El presente es uno de cinco recursos de *mandamus* radicados ante esta corte en 28 de mayo de 1941 y registrados bajo los números 352, 353, 354, 358 y 359. En cada uno de ellos se pide se dicte un auto de mandamus dirigido a la Corte de Distrito de Humacao, por el que se le ordene que proceda a decretar el archivo y sobreseimiento de una causa criminal pendiente ante dicha corte contra el peticionario, por el alegado motivo de no haberse celebrado la vista dentro del término de 120 días prescrito por el artículo 448 del Código de Enjuiciamiento Criminal. Los hechos en todos y cada uno de los cinco casos son prácticamente idénticos. Expondremos brevemente los del peticionario Gilberto Castro Pérez, tal cual aparecen de la petición.

La acusación contra Castro, por el delito de portar armas, fué radicada el 25 de noviembre de 1940. En diciembre 9, 1940, al serle leída la acusación, el acusado solicitó y le fué concedido un término de 10 días para hacer su alegación, término que fué prorrogado a su instancia hasta el 27 de diciembre de 1940. Transcurrido el término sin que el acusado hiciera alegación alguna, la corte, el mismo día 27, ordenó al secretario que registrara alegación de inocente. El día 14 de marzo de 1941, o sea 77 días después de haber expirado la prórroga solicitada por el acusado, la corte señaló para la celebración del juicio el día 2 de abril de 1941.

Es cierto que desde la fecha de presentación de la acusación—noviembre 25, 1940—hasta la fecha señalada para el juicio—abril 2, 1941—transcurrieron 127 días. Pero no es menos cierto que de esos 127 días, dieciocho, o sea los comprendidos entre diciembre 9 y diciembre 27 de 1940, fueron consumidos inútilmente por el propio acusado, solicitando términos y prórrogas para hacer alegaciones que nunca hizo, lo que revela que su propósito era el de dilatar la celebración de la vista y no el de conseguir el juicio rápido a que tiene derecho de acuerdo con la ley.

No es posible permitir que un acusado recurra a tácticas dilatorias para evitar la celebración del juicio, y que más tarde invoque sus propios actos para quejarse de que el juicio no se haya celebrado dentro del término fijado por el estatuto. Si descontamos de los 127 días los dieciocho transcurridos desde el 9 al 27 de diciembre de 1940, resulta que el término hábil transcurrido desde la presentación de la acusación hasta la fecha señalada para la celebración del juicio quedó reducido a 109 días. Véanse: *El Pueblo* v. *Valdespino*, 31 D.P.R. 526; *El Pueblo* v. *Díaz*, 22 D.P.R. 191; *El Pueblo* v. *Balzac*, 56 D.P.R. 649; *El Pueblo* v. *Rodríguez*, 57 D.P.R. 21; *Gerardino* v. *People*, 29 F. (2d) 517.

Resultando de las alegaciones de la petición que el peticionario no tiene derecho al remedio que solicita y que la corte de distrito actuó correctamente al resolver que existía justa causa para denegar la moción de archivo y sobreseimiento, debemos resolver que *no ha lugar a expedir el auto solicitado.*