GUILLERMO RAMOS GIRAUD, peticionario, *v.* CORTE DE DISTRITO DE GUAYAMA, HON. ANTONIO R. BARCELÓ, JUEZ, demandada.

Núm. 390.—*Sometido:* Marzo 15, 1943. *Resuelto:* Marzo 23, 1943.

*Arturo Aponte* y *Faustino R. Aponte,* abogados del peticionario; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Guillermo Ramos Giraud fué acusado en junio 17 de 1942, por el fiscal de la Corte de Distrito de Guayama, de un delito de asesinato, quedando la causa radicada bajo el número 12648 de dicha corte.

En febrero 5 de 1943 el acusado solicitó el archivo y sobreseimiento de la acusación, por haber transcurrido más de siete meses desde la fecha en que fué radicada. Alegó en su moción, que el juicio nunca se había señalado, ni había sido pospuesto a petición del acusado.

Declarada sin lugar la moción, el acusado radicó ante esta Corte Suprema una solicitud de *mandamus* en la que nos pide que ordenemos al Juez de la Corte de Distrito de Guayama que decrete el archivo y sobreseimiento de la causa. Expedido el mandamiento en forma alternativa o condicional, compareció el juez querellado y radicó una extensa contestación, en la que alega en síntesis lo que sigue:

Que la acusación fué radicada el 17 de junio de 1942 y la corte señaló el 22 del mismo mes para su lectura al acusado; y que no habiendo sido posible localizar al acusado, la lectura de la acusación no pudo celebrarse ni el 22 ni el 29 de junio, por lo cual se hizo necesario ordenar una requisitoria. El acusado fué arrestado el 10 de julio de 1942 y prestó fianza el 18 del mismo mes. En julio 28 de 1942 la corte señaló la

lectura de la acusación para la primera fecha hábil después de las vacaciones, o sea para septiembre 3 de 1942.

. Que no fué posible señalar el juicio para el término criminal de septiembre, porque cuando el acusado pudo ser localizado ya se había leído el calendario para el mes de septiembre, el cual había sido preparado en junio 30 de 1942.

Que el caso no pudo ser señalado para ser visto durante el mes de octubre de 1942, porque los marshals no habían podido conseguir de la oficina de racionamiento, la gasolina necesaria para poder salir a hacer las citaciones; que el primer mes hábil para hacer un señalamiento fué el de noviembre, y que contando desde el 1º de noviembre de 1942 al 16 de febrero de 1943, fecha señalada para el juicio, no habían transcurrido más de 120 días.

Que la dilación en la lectura de la acusación fué debida a culpa del acusado quien cambió de residencia sin tomarse el trabajo de notificarlo a la corte.

Que el fiscal mediante moción de octubre 28 de 1942 solicitó el señalamiento del caso para juicio. Se dió cuenta con dicha moción al hacerse los calendarios para noviembre y diciembre, 1942 y enero de 1943, pero no fué posible señalar el caso por haber otros de mayor urgencia.

Que al hacerse los señalamientos para formar el calendario, se señalan los casos en el orden siguiente: (1) aquellos en que el acusado está preso; (2) aquellos en que está próximo a expirar el término de prescripción o el término estatutario de 120 días; y (3) los casos en que se ha pedido señalamiento por el acusado o por el fiscal.

Se queja el peticionario de que la corte inferior al señalar la fecha para la vista de la moción de archivo y sobreseimiento ordenó que se citara al fiscal para ser oído, sin dar igual oportunidad al acusado; y que sin oír prueba alguna y por la sola manifestación verbal del fiscal, declaró sin lugar el sobreseimiento.

En apoyo de su contestación el juez querellado ofreció el récord de la causa núm. 12648 y especialmente:

1. Copia de la orden de junio 29 de 1942, fijando los términos criminales para el período de septiembre 1º, 1942 a junio 30, 1943, en la que se dispuso además que el calendario para el término criminal de septiembre, 1942 sería leído el 30 de junio de 1942.

2. Orden señalando la vista de la moción de archivo y sobreseimiento para el 8 de febrero de 1943, ''a fin de oír al Fiscal de esta corte para que muestre causa, si alguna tuviere, que justifique la dilación en el señalamiento para juicio de la causa del epígrafe''. El último párrafo de la orden lee así: ''Notifíquese al abogado del acusado y al Fiscal''. Al pie consta la certificación del Secretario que dice: ''Notificados con copia, hoy día 5 de febrero de 1943, el Fiscal y el Lcdo. Arturo Aponte y F. R. Aponte, Abogados del acusado''.

3. Los autos originales de la causa núm. 12648, en los que figuran las diligencias practicadas para poder localizar al acusado y citarle para la lectura de la acusación.

4. Moción del fiscal de octubre 28, 1942 solicitando el señalamiento del caso para juicio.

5. Récord taquigráfico de la vista de la moción de archivo y sobreseimiento.

La contención del peticionario de que sus abogados no fueron citados para la vista de la moción de archivo y sobreseimiento no está sostenida por prueba alguna. Por el contrario, la presentada por el juez querellado demuestra que fueron citados oportunamente. Si no comparecieron a sostener su moción no fué culpa de la corte inferior.

En el acto de la vista, el fiscal compareció y expuso las razones por las cuales no debía decretarse el sobreseimiento, haciendo referencia a las constancias del récord de la causa. Las razones aducidas por el fiscal son las mismas expuestas por el querellado en su contestación y substanciadas por las constancias que aparecen en los autos.

Se queja el peticionario de que la corte inferior se negase a sobreseer la causa por las manifestaciones verbales

del fiscal, sin que dicho funcionario presentara pruebas demostrativas de que hubo justa causa para que el juicio no fuera celebrado dentro de los 120 días fijados por el artículo 448 del Código de Enjuiciamiento Criminal. Y llama nuestra atención a las decisiones de esta Corte en *El Pueblo* v. *Pérez*, 36 D.P.R. 853 y *Corbet* v. *Corte*, 46 D.P.R. 255.

El primero de los dos casos citados vino ante esta Corte mediante apelación contra una sentencia dictada después de haberse negado la corte inferior a decretar el sobreseimiento. Esta Corte Suprema, teniendo ante sí solamente el récord de la apelación, resolvió:

"... De modo que para destruir el derecho de un acusado a que se sobresea su causa cuando no es sometido a juicio dentro de los ciento veinte días siguientes a la presentación de la acusación contra él formulada debe existir una justa causa en contrario, justa causa que debe ser probada por el fiscal a satisfacción de la corte."

En el citado caso se revocó la sentencia y se ordenó el sobreseimiento, porque de acuerdo con el récord no se presentó ante la corte inferior prueba alguna que justificara la resolución denegando el sobreseimiento. Esta Corte opinó que "la simple manifestación del fiscal de haber existido determinadas circunstancias que según él excusaban la dilación en la celebración del juicio, no es prueba de que ellas existieran."

El caso de autos no ha venido ante nos por vía de apelación. El acusado ha invocado la jurisdicción original de esta Corte y nos ha pedido que ordenemos a la corte inferior que archive y sobresea la causa contra él incoada. En obediencia al requerimiento héchole por orden de esta Corte, el juez querellado ha alegado las razones que tuvo para negarse a decretar el sobreseimiento; y en apoyo de esas razones ha ofrecido en evidencia el récord del caso ante la corte inferior.

En *Corbet* v. *Corte*, supra, se pidió a esta Corte que ordenase a la inferior el archivo y sobreseimiento de una acu-

sación por homicidio, por haber sido radicada más de seis meses después de arrestado el acusado. En la vista de la moción de archivo ante la corte inferior no se presentó prueba alguna. El fiscal se limitó a informar oralmente que cuando él asumió los deberes de su cargo halló sin terminar una investigación anterior y se vió precisado a terminarla. Se resolvió que las excusas dadas por el fiscal eran inadecuadas y no justificaban la dilación habida en la radicación de la acusación. Al expedir el auto perentorio de mandamus, esta Corte se expresó así:

". . . Incumbía al fiscal justificar por qué había dejado de radicar la acusación dentro del período fijado por el estatuto. La moción debió haber sido declarada con lugar, *a menos que el hecho admitido o aquellos hechos de que la corte podía tomar conocimiento judicial equivalieran a justa causa para la demora.* La transcripción de la vista no demuestra que durante la discusión oral algunos hechos fuesen admitidos expresamente o aducidos sin objeción alguna." (Bastardillas nuestras.)

■■■ En el caso de autos la corte inferior estuvo justificada al tomar conocimiento judicial de que desde el 17 de junio hasta el 10 de julio de 1942 no fué posible citar al acusado para el acto del "arraignment", por haber éste cambiado de residencia varias veces sin dar aviso a la corte. En los autos del caso constan las citaciones expedidas por el Secretario y diligenciadas por la Policía Insular. De ellas aparece que el acusado fué buscado en Patillas, en Humacao y por último en la Barriada Eleanor Roosevelt, Hato Rey, en donde fué por fin encontrado y arrestado el 10 de julio de 1942.

Si el acusado hubiese estado interesado en la celebración del juicio a la mayor brevedad, seguramente él se hubiera ocupado de notificar a la corte sus cambios de residencia a fin de que se le pudiera avisar prontamente las fechas de los distintos trámites que preceden al juicio. Al no hacerlo así, impidió que la acusación le fuera leída el 22 o el 29 de junio

e hizo imposible que su caso fuese señalado para juicio e incluído en el calendario preparado el 30 de junio de 1942. Por las mismas razones y por estar la corte en vacaciones durante los meses de julio y agosto, la acusación no pudo serle leída al acusado hasta el día 3 de septiembre de 1942. Es cierto que ni el excesivo trabajo de la corte ni el hecho de haber estado el tribunal en vacaciones (*De Gracia* v. *Corte*, 52 D.P.R. 607) son por sí solos suficientes para justificar la tardanza en la celebración de un juicio, pero esas circunstancias, unidas a otras en las cuales tuvo intervención el acusado, pueden constituir la justa causa a que se refiere el apartado 2 del artículo 448 del Código de Enjuiciamiento Criminal.

En *Castro* v. *Corte*, 58 D.P.R. 791, al serle leída la acusación el acusado solicitó y le fué concedido un término de 10 días para hacer su alegación. Ese término fué prorrogado por 17 días más a instancia del acusado. Vencido el término sin que el acusado hiciera alegación alguna, la corte ordenó al secretario que registrara una alegación de inocente. Setenta y siete días después de vencida la prórroga para alegar y 127 días después de la fecha de radicación de la acusación, la corte señaló el caso para juicio. El acusado solicitó el archivo, le fué denegado, recurrió ante esta Corte, y al resolver que no procedía el auto de *mandamus* dijimos:

"Es cierto que desde la fecha de presentación de la acusación—noviembre 25, 1940—hasta la fecha señalada para el juicio—abril 2, 1941—transcurrieron 127 días. Pero no es menos cierto que de esos 127 días, dieciocho, o sea los comprendidos entre diciembre 9 y diciembre 27 de 1940, fueron consumidos inútilmente por el propio acusado, solicitando términos y prórrogas para hacer alegaciones que nunca hizo, lo que revela que su propósito era el de dilatar la celebración de la vista y no el de conseguir el juicio rápido a que tiene derecho de acuerdo con la ley.

"No es posible permitir que un acusado recurra a tácticas dilatorias para evitar la celebración del juicio, y que más tarde invoque sus propios actos para quejarse de que el juicio no se haya celebrado

dentro del término fijado por el estatuto. Si descontamos de los 127 días los dieciocho transcurridos desde el 9 al 27 de diciembre de 1940, resulta que el término hábil transcurrido desde la presentación de la acusación hasta la fecha señalada para la celebración del juicio quedó reducido a 109 días. Véanse: *El Pueblo* v. *Valdespino,* 31 D.P.R. 526; *El Pueblo* v. *Díaz,* 22 D.P.R. 191; *El Pueblo* v. *Balzac,* 56 D.P.R. 649; *El Pueblo* v. *Rodríguez,* 57 D.P.R. 21; *Gerardino* v. *People,* 29 F. (2) 517.''

En el presente caso, por descuido o táctica dilatoria del propio acusado, al cambiar de residencia sin dar aviso a la corte, los 23 días comprendidos entre junio 17 y julio 10 de 1942 fueron consumidos inútilmente, sin que fuera posible localizar al acusado y citarle para la lectura de la acusación. Cuando el acusado fué por fin encontrado ya la corte había entrado en vacaciones, circunstancia por la cual no fué posible celebrar el ''arraignment'' hasta el 3 de septiembre de 1942. En el calendario para el mes de septiembre, preparado el 30 de junio, no fué posible incluir el caso por estar lleno el calendario con casos de mayor urgencia. Causa que estaba fuera del control de la corte—la carencia de gasolina motivada por la guerra—de la cual la corte tomó debidamente conocimiento judicial, hizo imposible el señalamiento del caso para el mes de octubre de 1942. El mes de noviembre fué dedicado a la celebración de juicios en casos en que los acusados se encontraban presos. El fiscal pidió en octubre que el caso contra el aquí peticionario fuese incluído en el calendario de diciembre. No pudo hacerse así, por razón de que los días hábiles de ese mes fueron dedicados, por petición expresa de los abogados defensores, que eran los mismos que defendían al peticionario, a la vista de un caso contra varios acusados que expresaron su deseo de que el juicio se celebrara cuanto antes.

█ Del récord ante nos no consta que el acusado hiciera gestión alguna demostrativa de su interés en un juicio rápido. Pudo haberlo tenido en septiembre y no lo tuvo por su propia culpa. El récord nos convence de que hubo causa

justa y suficiente para demorar el señalamiento y de que la corte procedió correctamente al denegar la moción de archivo y sobreseimiento. *No ha lugar por lo tanto a expedir el auto solicitado.*

El Juez Asociado Sr. De Jesús no intervino.