RAFAEL JIMÉNEZ ROMÁN, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. AUGUSTO PALMER, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* O-67-174      *Resuelto:* 19 de marzo de 1970

*E. W. Belén Trujillo*, abogado de la peticionaria; *J. B. Fernández Badillo, Procurador General, y Peter Ortiz, Procurador General Auxiliar*, abogados del interventor.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La acusación en el presente caso por conducir un vehículo de motor bajo los efectos de bebidas alcohólicas fue radicada el 3 de agosto de 1965. La lectura de la acusación fue señalada para el 2 de septiembre siguiente. La vista para el próximo 18 de octubre. En esta fecha no se celebró el juicio. Se hizo constar en la minuta correspondiente a ese día que "[p]or imposibilidad física del Tribunal toda vez que son las 4:45 de la tarde del día de hoy se deja sin efecto el señalamiento y se pospone la vista de este caso hasta nuevo señalamiento." Fue señalado para el 22 de noviembre de 1965. Surge de la minuta correspondiente a ese día que fue "suspendida la vista de este caso hasta nuevo señalamiento por falta de tiempo." El 28 de diciembre el acusado radicó una Moción de Desestimación bajo la Regla 64 de Procedimiento Criminal. Alegó "que han transcurrido en exceso 120 días desde que se radicó la acusación . . . ." La moción se discutió el 3 de enero de 1966, fecha para la cual se había señalado la vista del caso.

En la minuta de ese día aparece que:

". . . Oidas las partes el Tribunal declara sin lugar la Moción de Archivo y sobreseimiento, planteada por la defensa, por entender por cuanto estuviera escrito aparece en las minutas del caso, que este caso se ha suspendido en dos ocasiones anteriormente por imposibilidad el Tribunal, para entrar a la vista del mismo, debido a que ha transcurrido el tiempo.

Se hace constar que el Tribunal a pesar de la hora, está dispuesto a ver el caso. La defensa solicita que se posponga la vista para revisar la actuación del Tribunal. Estando sujeto a revisión queda el caso suspendido hasta nuevo señalamiento, para dar ocasión a la defensa revise esta circunstancia.

Se hace constar que la posposición en este caso se debió a que la defensa la solicitó para revisar la negativa del Tribunal ante el Hon. Tribunal Supremo. Dicha solicitud se hace a las 5:18 de la tarde."

■ La Sección 11 de la Carta de Derechos de la Constitución del Estado Libre Asociado [1] establece que todo acusado será juzgado rápidamente. Es un derecho de fundamental importancia para el acusado. Garantiza a las personas acusadas de delito que la vista de sus causas no se dilatarán bien sea por el interés del Estado en mantener una acusación pendiente sobre la cabeza del acusado o por desidia de los funcionarios a cargo de impartir justicia. Tan elevada categoría tiene que el Tribunal Supremo de los Estados en *Klopfer* v. *North Carolina*, 386 U.S. 213 (1967), ratificado en *Smith* v. *Hooey*, 393 U.S. 374 (1969) estableció que la garantía enmarcada en la Sexta Enmienda de la Constitución Federal le es aplicable a los estados federados a través de la Décimocuarta. Luego de hacer referencia al desarrollo histórico de la garantía estableciendo que su origen trasciende la fecha en que se firmó la Carta Magna (1215), expresó el Tribunal ". . . [E]l derecho a un juicio rápido es tan fundamental como

---

[1] Dispone la Sec. 11:

"En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público. . . ."

cualquiera de los derechos garantizados por la Sexta Enmienda. . . . El historial del derecho a un juicio rápido y su aceptación en este país, indudablemente establecen que es uno de los derechos más básicos garantizados por nuestra Constitución."

■ Primeramente en nuestro Código de Enjuiciamiento Criminal, Art. 448, y luego en las Reglas de Procedimiento Criminal de 1963, Regla 64, se establecieron normas para hacer efectiva la garantía a un juicio rápido. El acusado debe ser sometido a juicio dentro de los ciento veinte días siguientes a la presentación de la acusación o denuncia "a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento."

En el presente caso la acusación se radicó el 3 de agosto. La vista señalada para el 18 de octubre fue suspendida "por imposibilidad física del Tribunal toda vez que son las 4:45 de la tarde. . . ." y la señalada para el 22 de noviembre se suspendió "por falta de tiempo".

Hace medio siglo, este Tribunal en *Pueblo* v. *Cesari*, 26 D.P.R. 21 (1917) expuso que "el sostener que la mera aglomeración de asuntos civiles en el calendario constituye justa causa para dilatar el juicio de una causa criminal, subordinaría los derechos del acusado a la conveniencia más bien que a la discreción del juez sentenciador, y había de tender directamente a destruir en la práctica el juicio rápido que exige el Código."

En el año 1920, en *Pueblo* v. *Nigaglioni*, 28 D.P.R. 232 (1920) ampliamos este pronunciamiento y afirmamos que:

"El hecho aislado de que la corte hubiera estado en vacaciones, no hubiera sido suficiente por sí solo: los días que las cortes de distrito permanezcan en vacaciones, aunque dichas vacaciones estén autorizadas por la ley, no pueden descontarse del término que la misma ley fija para la celebración de los juicios en causas criminales concretando así el derecho al juicio

rápido que tienen todos los ciudadanos en esta isla. Tampoco la celebración de asuntos civiles hubiera sido suficiente por sí sola. El hecho de estar la corte enteramente dedicada a otras causas criminales, hubiera bastado por sí mismo.

Repetimos que es el conjunto de las circunstancias que concurren en este caso lo que nos lleva a apreciar la existencia de la justa causa. Convenimos en que las cortes de distrito, especialmente algunas de ellas, en el ejercicio de su jurisdicción original y de apelación tanto en lo civil como en lo criminal, son tribunales muy ocupados, pero sus jueces deben fijar sus términos de tal modo que las causas criminales se señalen dentro de los cuatro meses marcados por la ley. Si para ello es necesario dar preferencia a lo criminal, la preferencia estará justificada."

Como hemos visto, *Cesari* y *Nigaglioni* establecieron que la congestión en el calendario civil no era justa causa para la no celebración del juicio dentro de los 120 días.

En *Pueblo* v. *Villafañe*, 37 D.P.R. 648 (1928), no distinguimos entre el calendario civil y criminal al expresar:

". . . En respuesta a esta moción la corte dijo que tomaría conocimiento judicial del excesivo trabajo que la corte había tenido. El juicio no fue celebrado dentro de los 120 días y hemos resuelto consistentemente de conformidad con el artículo 448 del Código de Enjuiciamiento Criminal que el dejar de someter a juicio al acusado dentro de ese término sin justa causa le da derecho a ser absuelto. A menos que se demuestre que debe darse preferencia a otros casos, el hecho de que la corte esté ocupada no es excusa legal. De ser necesario, pueden suspenderse otros casos."

En *Pueblo* v. *Sánchez*, 41 D.P.R. 741 (1931) resumimos la jurisprudencia sobre esta materia y ratificamos fundamentalmente lo expuesto en los casos anteriormente citados. No obstante lo expuesto, es necesario consignar que en *Pueblo* v. *Irizarry*, 33 D.P.R. 166 (1924); *Pueblo* v. *Quirindongo*, 33 D.P.R. 448 (1924) y *Pueblo* v. *Cabán*, 45 D.P.R. 217 (1933) hay expresiones contrarias a este criterio.

Surge entonces *De Gracia* v. *Corte*, 52 D.P.R. 607 (1938) donde consideramos nuevamente la cuestión. No hicimos dis-

tinción entre uno y otro calendario. Se demostró que el Tribunal había estado continuamente ocupado. Veamos cómo tratamos el asunto: Radicada la moción de archivo en el tribunal de instancia (la que procedía de acuerdo con el procedimiento vigente) ". . . [e]l fiscal del distrito se opuso alegando que no le había sido posible al tribunal actuar dado el exceso de trabajo existente en el mismo, sin aducir otros fundamentos o razones legales para la dilación, ofreciendo el testimonio del secretario de la corte que en síntesis declaró que la corte había tenido un término largo de casos civiles, que se había visto, además, un gran número de casos criminales, entre ellos los *misdemeanors* de jurisdicción original en el distrito y aquéllos de las cortes municipales, sometiendo, además, un estado de los casos radicados y vistos entre los días 3 de septiembre de 1936 y 13 de agosto de 1937, siendo dicho estado como sigue:

| | |
|---|---:|
| Felonies | 308 |
| Misdemeanors del fiscal | 201 |
| Apelaciones procedentes de las cortes municipales | 298 |
| Total | 807 |

Y que de estos casos fueron resueltos:

| | |
|---|---:|
| Felonies | 111 |
| Misdemeanors del fiscal | 100 |
| Apelaciones | 210 |
| Total | 421 |

expresando que en ese mismo período se habían radicado en la secretaría de dicha corte 902 casos civiles, habiéndose resuelto 594 de los mismos. . . ."

La corte de instancia declaró sin lugar la solicitud en la siguiente resolución:

"En ningún período del año judicial está esta corte en receso. Su trabajo es contínuo. Su labor diaria, acreditada por las actas, es grande y difícilmente superada por la de cualquier otra corte de análoga jurisdicción en la isla, aun considerando la de aquellos tribunales integrados por más de un magistrado. En esa labor incluye la vista de asuntos de derecho penal ante y sin jurado, de casos por delitos menos graves, originales de esta corte y apelados a la misma de las municipales del distrito, así como todo el movimiento de casos civiles de jurisdicción voluntaria, en rebeldía y contenciosos, incluyendo todos los incidentes que surgen durante la sustanciación de dichos casos y que requieren en la mayoría de las ocasiones vista y resolución separada. El despacho de esos asuntos responde a un orden que obedece a prescripciones de ley y de las reglas del tribunal, siguiendo el cual se señalan los casos con arreglo al orden de radicación de los mismos (casos criminales), o al surgimiento de la contienda (casos civiles), en cada período respectivo sucesivo, salvo lo preceptuado en la ley con referencia a los acusados que no hayan podido prestar fianza y cuyos casos se encuentran entre aquellos a ser señalados durante cualquiera de dichos períodos. Ése orden no se altera sino en aquellas ocasiones en que un acusado hace petición especial de que su caso se señale anticipadamente para hacer declaración de culpabilidad. Fuera de esta excepción, ninguna otra se establece. Ante tal situación, y con pleno conocimiento de los hechos que determinan y constituyen las actividades de esta Corte, por ella conocidos; y considerando que en vista de ello este caso no ha sufrido dilación alguna que no haya sido la misma de todos los demás, que se hallan en idénticas condiciones, no existiendo ausencia de justa causa para ello, se declara sin lugar la moción del acusado solicitando el sobreseimiento y archivo de este caso, el cual será señalado en su oportunidad."

Al resolver la cuestión dijimos:

"La ley es clara y la jurisprudencia abundante. Véase la nota al artículo 448 del Código de Enjuiciamiento Criminal (ed. de 1935). El exceso de trabajo no es por sí solo fundamento bastante para dejar de cumplir el mandato del legislador. Medidas pueden adoptarse que revelen la voluntad de la Corte de acatarlo y la imposibilidad material en que luego se encontró de cumplirlo. No ya 120 días si que 340 transcurrieron sin que la corte de

distrito tomara acción alguna con respecto al juicio de la causa pendiente ante ella a virtud de la acusación que contra el peticionario formulara el fiscal cuando se hizo la petición de sobreseimiento, ni hay noticia de que después de pedido y negado el sobreseimiento y archivo de la causa fuera señalada para juicio y eso ocurrió como sabemos en agosto de 1937. Todo revela una flagrante violación del derecho constitucional del acusado, regulado en su extensión por el estatuto."

En *Ramos* v. *Corte*, 61 D.P.R. 600 (1943) condicionamos un tanto lo expuesto en *De Gracia* al exponer que "Es cierto que ni el excesivo trabajo de la corte ni el hecho de haber estado el tribunal en vacaciones (*De Gracia* v. *Corte*, 52 D.P.R. 607) son por sí solos suficientes para justificar la tardanza en la celebración de un juicio, pero esas circunstancias, unidas a otras en las cuales tuvo intervensión el acusado, pueden constituir la justa causa a que se refiere el apartado 2 del artículo 448 del Código de Enjuiciamiento Criminal."

■ El derecho a juicio rápido es, como antes apuntamos, uno fundamental para el acusado. Ahora bien, ese derecho es uno de carácter tan personal que es renunciable. *Ferrer* v. *Corte*, 60 D.P.R. 624 (1942); *People* v. *Armes*, 227 N.E.2d 745 (Ill. 1967); *United States* v. *Aadal*, 368 F.2d 962 (2d Cir. 1966); *People* v. *Pratt*, 278 N.Y.S.2d 89 (1967); *Petition of Provoo*, 17 F.R.D. 183, 198 (D.C. Md. 1955) confirmado en *United States* v. *Provoo*, 350 U.S. 857 (1955); Anotación: *Speedy Trial—Loss of Right*, 57 A.L.R.2d 302, 307 (1958). Como expresamos en *Morales* v. *Corte*, 55 D.P.R. 886 –888 (1940) "sin embargo, no siempre un acusado interesa un juicio rápido. Un caso fuerte en favor del Pueblo, a veces se debilita algo y una condena se hace más difícil, con el transcurso del tiempo." La Regla 64(n) condiciona la desestimación a que "la demora para someter el caso a juicio [no] se deba a la solicitud del acusado, o a su consentimiento." Interpretando el antecesor de esta Regla, el Art. 448 del Código de Enjuiciamiento Criminal, expresamos en *Pueblo* v. *Garay*, 64 D.P.R. 106 (1944), que:

". . . El artículo 448(2) dispone que 'Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de 120 días, a contar desde la presentación de la acusación, a menos que exista justa causa contraria, al tribunal decretará el sobreseimiento del proceso. . . .' (Bastardillas nuestras). Hemos interpretado esta sección como que significa que 'Cuando, como sucede en el presente caso, el juicio se ha pospuesto a petición del acusado, la cuestión de sobreseimiento por demoras posteriores es una que cae dentro de la discreción de la corte inferior.' (*Morales* v. *Corte*, 55 D.P.R. 886, 888)."

Es conveniente apuntar que en *Morales* v. *Corte*, señalamos a la pág. 888, que:

"Al radicar una sola moción solicitando la posposición del juicio el acusado no renuncia todo derecho a ser juzgado más tarde dentro de un término razonable. *Pueblo* v. *Cepeda*, 31 D.P.R. 489. El transcurso de dos años sin señalar el caso nuevamente es una cuestión seria. Si al momento de radicar su primera moción de suspensión, o posteriormente, el acusado hubiera demostrado el deseo o la disposición de que su caso fuera visto, cualquier demora posterior, por un período de tiempo irrazonable, en ausencia de prueba satisfactoria por parte del Pueblo, hubiera exigido el archivo y sobreseimiento de la causa."

■ Así, la norma debe ser que señalado un caso para celebrarse la vista dentro de 120 días a partir de la radicación de la acusación, la actuación del acusado solicitando la posposición de la vista debe privarlo de poder exigir la celebración del juicio dentro de los próximos 120 días a partir de la fecha en que se solicitó la suspensión, si la congestión del calendario impide el señalamiento. *Cf. Pueblo* v. *Gerardino*, 37 D.P.R. 185, 189 (1927). No debe permitirse que la posposición solicitada por un acusado afecte el despacho ordenado de los otros casos pendientes. El acusado tuvo una oportunidad de que se le celebrara el juicio dentro del término establecido por la regla. Pero como expresamos en *Morales* v. *Corte*, "al radicar una sola moción solicitando la posposición del juicio el acusado no renuncia todo derecho a ser juzgado más

tarde dentro de un término razonable." Así debe señalarse la vista lo más pronto posible, teniendo en cuenta el volúmen del trabajo pendiente, pero sin olvidar que el derecho a un juicio rápido es tan fundamental como cualquiera otro de los derechos fundamentales que le garantiza a los acusados la Constitución.

■ Debe quedar aclarado definitivamente que la congestión del calendario no constituye justa causa para la demora en la celebración del juicio en una causa penal. En el presente caso el acusado nunca solicitó la suspensión del caso y en las dos ocasiones en que estuvo señalado para verse, el tribunal suspendió las vistas por falta de tiempo. A la luz de lo que hemos dejado expuesto, el acusado no tuvo en este caso el juicio rápido que le garantiza la Constitución del Estado Libre Asociado de Puerto Rico. *Procede por lo tanto que se deje sin efecto la resolución recurrida y se desestime la acusación.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Santana Becerra y Blanco Lugo radicarán oportunamente sus respectivas expresiones.