## El Pueblo *v.* Quilichini Et Al.

No. 13.—Resuelto en Junio 20, 1904.

Apelación procedente de la Corte de Distrito de Mayagüez.

Apelación—Fundamentos del Recurso—Pliego de Excepciones.—Los fundamentos del recurso que no aparecieren comprobados por las constancias obrantes en la transcripción de autos, ni estuvieren justificados por un pliego de excepciones, no pueden ser considerados por el Tribunal de apelación.

Acusación—Sobreseimiento—Juicio.—Si un acusado se sometiere á juicio sin haber solicitado el sobreseimiento de la causa por no haberse formulado la acusación dentro del término legal, se entenderá por ello que renuncia á tal derecho.

Fraude al Tesoro Insular.—El hecho de sacar de una destilería determinada cantidad de ron sin satisfacer por ella los derechos correspondientes, envuelve la comisión de un fraude al Tesoro Insular.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Smith.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. Figueras, emitió la siguiente opinión del Tribunal.

El Presente es un recurso de apelación interpuesto por Santiago Quilichini y Peretti y Vicente Quilichini contra sentencia de la Corte de Mayagüez que les condena á cien dollars de multa á cada uno y al pago de las costas procesales por mitad. El Fiscal del Distrito de Mayagüez con fecha 26 de Marzo del año próximo pasado de 1903, formuló su acusación debidamente jurada en los términos siguientes:

"Santiago Quilichini, tiene licencia como fabricante de ron, y el día 24 de Diciembre de 1902 de su destilería, sita en la hacienda de cañas dulces que posee en el término municipal de Sabana Grande que forma parte del distrito arriba citado, vendió por conducto de su hijo Vicente Quilichini, dos galones y un quinto de ron á José Mojica y Vega, entregándole un volante extendido á favor de Antonio Atresino en que se hacía constar que únicamente era un galon de ron entregado y por consiguiente violaron la Ley de Rentas de Puerto Rico, con maliciosa intención de defraudar al Erario Insular con la suma de un dollar veinte centavos. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico".

Los acusados se declararon no culpables y se procedió al juicio que se terminó en dos distintas sesiones porque pidió y obtuvo la suspensión el Letrado defensor de los acusados por no haber comparecido uno de sus testigos cuya declaración juzgaba esencialísima, pero en 31 de Julio del año próximo pasado tuvo lugar la última, practicándose en ambas toda la prueba que las partes propusieron sin que se anotase incidente de ningún género ni se consignase protesta alguna y en tales condiciones en primero de Agosto del año de 1903 antes citado, se dictó sentencia condenando á cada uno de los dos acusados á la pena de que se deja hecho mérito.

Contra esa sentencia interpusieron los acusados apelación, utilizando el derecho que les concedió la ley que otorga también dicho recurso por "misdemeanor", y elevadas á este Tribunal las copias prevenidas por la ley, se ordenó, á petición de la representación de los Quilichini, que se elevara también á esta Corte Suprema el sumario instruido con motivo del

delito de que se trata, como así se verificó. Examinado dicho sumario aparecen varias diligencias y declaraciones y en 18 de Marzo del año próximo pasado un mandamiento de arresto expedido por el Fiscal deMayagüez contra Quilichini padre é hijo y al pié de dicho mandamiento una diligencia que dice así: "Sabana Grande, 21 Marzo de 1903. Cumplimentado según se ordena. Gabino Balazquide. Cabo Policía Insular. Comandante del Puesto."

Al formalizar el Letrado de los acusados el recurso de apelación, alegó como motivos los siguientes: "Primero. Que sus representados fueron detenidos en la Cárcel del pueblo de Sabana Grande en 24 de Diciembre de 1902 en virtud de denuncia presentada contra ellos por el Agente de Rentas Internas y el Fiscal presentó la acusación ante la Corte de Distrito de Mayagüez en 25 de Marzo del año siguiente, es decir noventa y un días después de la detención por lo que el abogado Don Fernando Vazquez, defensor entonces de los acusados, solicitó de la Corte en el acto del juicio que declarase sin lugar la acusación lo que no fué aceptado y continuó el acto no obstante que el Fiscal nada objetó para demostrar que la acusación estaba bien presentada ni para justificar la dilación, pero que no se hizo constar lo referido en el acta sin duda porque en aquella fecha no existía el recurso de apelación contra las sentencias en causas por "misdemeanor" habiéndose infringido por tanto el artículo 448 del Código de Enjuiciamiento Criminal. Segundo. Que después de formulada la acusación por el Agente de Rentas Internas y de otras diligencias practicadas sobre la situación de los denunciandos Don Santiago Quilichini obtubo del Hon. Tesorero que se midiese todo el ron y de esta operación resultaron cincuenta y seis galones de menos sin tomar en cuenta las pérdidas ó mermas por evaporación y en cuya diferencia están contenidos los dos galones y un quinto de ron á que se contrae la denuncia y la acusación Fiscal, habiendo satisfecho el dueño de la fábrica Don Santiago Quilichini el importe de los derechos por 56 galones á

razón de sesenta centavos cada uno por medio de los corespondientes sellos de rentas internas, quedando por tal razón completamente indemnizado el Erario por todas las diferencias, mermas, evaporaciones, etc., que aparecieron.en el ron y se le hizo comprender que estaba terminado este asunto creyéndolo de buena fé porque el Tesoro no había sufrido perjuicio de ningún género y la conducta de los acusados se había justificado, por lo cual no debieron ser condenados ni pueden ser responsables de los errores que se han cometido en el procedimiento.

Para justificar este particular dice que acompaña un documento expedido por el 'Tesorero de Puerto Rico, pero este documento no consta en este rollo por estar agregado al rollo número 16.

El primer fundamento del recurso no consta del acta como así lo reconoce la misma representación de los recurrentes ni tampoco se ha presentado pliego alguno de excepciones para confirmarlo. Aparte de que no consta que el abogado de los Quilichini formulara petición de sobreseimiento fundado en el artículo 448 de la Ley de Enjuiciamiento Criminal, tampoco aparece de las actuaciones traidas á la vista que aquéllos fueron detenidos en 25 de Diciembre de 1902 y sí que por orden del Fiscal de Mayagüez fueron detenidos en 21 de Marzo de 1903 habiéndose formulado la acusación en 26 del propio mes, cuando, por tanto no habían transcurrido los sesenta días entre la detención y la acusación á que se refiere el número 1 del artículo 448 de la Ley de Enjunciamiento Criminal; pero de todos modos es de aplicación la doctrina sentada en The People v. Hawkins, 127, Cal. 372 que establece que un acusado que entra al juicio sin haber ejercitado su derecho de pedir que la causa sea sobreseida al no formularse la acusación dentro del término marcado por la ley, se entiende que ha renunciado tal derecho.

En cuanto al segundo fundamento alegado por la defensa, nada tiene que ver la operación de mensura que se practicó

por el agente en el ron existente, teniendo en cuenta las mermas de todo género, con el hecho objeto de la acusación que es de todo punto independiente, puesto que se acusó y penó el de haber salido de la fábrica dos galones y un quinto de ron sin que se satisficiese por cada uno la cantidad que la ley fija, defraudando de este modo al Tesoro Insular.

Con arreglo, por tanto, á lo que resulta de las actuaciones, que es lo que debe tener en cuenta el Tribunal para la decisión del recurso, procede se desestime éste con las costas á cargo del apelante, confirmándose la sentencia que dictó la Corte de Mayagüez en 1º. de Agosto del año próximo pasado.

*Confirmada.*

Jueces concurentes, Sres. Presidente, Quiñones, y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de esta causa.