Brígido Ferrer, peticionario, *v.* Corte de Distrito de Guayama, Hon. Antonio R. Barceló, Juez, demandada.

Núm. 381.—*Sometido:* Junio 23, 1942. *Resuelto:* Junio 25, 1942.

*Arturo Aponte* y *Rafael O. Fernández,* abogados del peticionario.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El peticionario solicita que expidamos un auto de *mandamus* ordenando al demandado que proceda a sobreseer la causa criminal número 12590, seguida contra él por un supuesto delito de asesinato en primer grado. Basa su contención el peticionario en que para responder de dicho delito fué arrestado el 30 de enero de 1942 y que la acusación no fué radicada hasta el 9 de abril siguiente, habiendo transcurrido con exceso y sin justa causa el término de sesenta días dentro del cual, a partir de la fecha del arresto, debió radicarse la acusación de conformidad con el inciso 1, artículo 448, del Código de Enjuiciamiento Criminal. ▆ Se ha sostenido repetidamente por este tribunal que los términos a que se contrae el citado precepto legal son imperativos, ▆ y que, demostrada la expiración del término, la discreción del tribunal sentenciador queda limitada a determinar si las causas alegadas por el fiscal o conocidas por la corte de otra manera, son o no suficientes para justificar la tardanza. El *Pueblo* v. *Ayala,* 19 D.P.R. 936; *Dyer* v. *Rossy,* 23 D.P.R. 772, y *Pueblo* v. *Díaz,* ante, pág. 540.

▆▆ Sin embargo, este derecho constitucional a un juicio rápido, garantizado por el artículo 2 de nuestra Ley Orgánica, como cualquier otro privilegio que no sea de carácter jurisdiccional, puede ser renunciado (*waived*) por el acu-

sado. *People* v. *Hawkins*, 127 Cal. 372, 59 P. 697; *Hernández* v. *State* (1932, Ariz.) 11 P. (2d) 356; *Pueblo* v. *Quilichini et als.*, 7 D.P.R. 215.

Y de la propia petición de mandamus aparece que no obstante haberse radicado la acusación después de vencido el plazo de sesenta días antes aludido, el acusado, en la fecha señalada para su lectura (*arraignment*), presentó una moción sobre especificaciones, y siéndole denegada, formuló excepción perentoria con idéntico resultado, no siendo hasta después de denegadas ambas alegaciones que el acusado presentó la moción solicitando el sobreseimiento de la causa.

Las dos alegaciones presentadas por el acusado, es decir, la moción sobre especificaciones y la excepción perentoria, son perfectamente compatibles con una acusación radicada dentro del término legal. A nuestro juicio, el acusado, al radicar la moción sobre archivo y sobreseimiento con posterioridad a la presentación de las dos alegaciones antes mencionadas, implícitamente renunció al privilegio concedídole por el artículo 448 del Código de Enjuiciamiento Criminal.

Por consiguiente, actuó correctamente la corte *a quo* al negarse a sobreseer la acusación, y no existiendo por parte de la recurrida el deber ministerial cuyo cumplimiento exige el peticionario a través de su petición de mandamus, *procede desestimar la solicitud y denegar la expedición del auto.*

El Juez Asociado Sr. Travieso no intervino.