El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel de Jesús Ortiz, acusado y apelante.

Núm. 11413.—*Sometido:* Mayo 9, 1946. *Resuelto:* Mayo 20, 1946.

*Rafael A. González*, abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Primer Procurador General Auxiliar*, y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito de Bayamón formuló dos acusaciones contra el aquí apelante, una por homicidio voluntario y la otra por el delito de portar armas, siendo radicadas ambas el día 8 de junio de 1944. Al serle leídas ambas acusaciones en julio 24 de 1944, el acusado solicitó que se vieran conjuntamente. En septiembre 11 de 1944 el acusado dirigió a la corte una carta en la que solicitaba se ordenase la celebración del juicio de homicidio voluntario. La corte no tomó acción alguna en cuanto a dicha solicitud.

La vista de ambos casos fué señalada para el día 13 de febrero de 1946. Con anterioridad a esa fecha el acusado radicó mociones solicitando el archivo y sobreseimiento de uno y otro caso. La corte declaró sin lugar la moción en cuanto al caso de portar armas, procediendo en seguida la celebración del juicio condenando al acusado a la pena de tres meses de cárcel. No estuvo conforme el acusado y apeló para ante esta Corte Suprema.

En el primer señalamiento el apelante alega que la corte inferior cometió error al no ordenar el archivo y sobresei-

miento después de haber transcurrido cerca de dos años desde la fecha de la lectura de la acusación hasta la celebración del juicio.

De las minutas de la corte, correspondientes al día en que fueron leídas ambas acusaciones, aparece lo siguiente:

"En el homicidio voluntario solicitó juicio por jurado y en el de portar armas solicitó que se viera conjuntamente con el *felony* renunciando a la prescripción y al juicio rápido."

La corte inferior, al declarar sin lugar la moción de archivo y sobreseimiento del caso de portar armas, se expresó así:

"LA CORTE: La Corte entiende, oída esa minuta, que un acusado no puede mover la discreción de ningún tribunal para la obtención de un privilegio, para después venir a alegar ante ese mismo tribunal que ese privilegio tenía ciertas limitaciones. La Corte tenía derecho a ver el juicio inmediatamente, el misdemeanor, y el acusado no lo quiso así: quiso que se viera conjuntamente con el caso *felony*. La Corte comprende cuál es la situación de los acusados en todos estos casos en que tienen pendientes un caso felony y uno misdemeanor; a ellos les conviene ver el caso misdemeanor, o sea el caso de portar armas y el caso felony conjuntamente, de manera que el jurado que se sienta allí no pueda saber nunca que un juez lo declaró al acusado culpable de portar armas. Y de ese modo, mueve a la corte el acusado pidiéndole que se vean conjuntamente ambos casos, o sea no ver el caso de portar armas hasta tanto no se vea el juicio del caso felony. A cambio de eso, el acusado le dice al tribunal 'yo voy a renunciar juicio rápido', y la Corte accede a su petición. Ahora bien, pasa el tiempo, y el acusado pide que se vea como en este caso el juicio del felony, pero no se ve el caso felony hasta transcurrido algún tiempo. ¿Desde junio de 1944 hasta ese momento, hasta hoy, cuánto tiempo ha transcurrido? Un año, siete meses, cerca de dos años. ¿Entonces, qué pasa? Que a petición del acusado, por no haberse visto dentro de los 120 días el caso felony, se archiva. Y ahora el acusado pide que se archive también el misdemeanor porque no se vió dentro de los 120 días.

"La corte entiende que la renuncia que hizo el acusado es una renuncia que no tiene límites: es una renuncia que ha hecho a juicio

rápido, que lo obliga a él en cualquier momento; que la corte descansando en esa renuncia que ha hecho el acusado no le ha señalado el caso.''

No estamos de acuerdo con el razonamiento de la corte inferior. La renuncia que hizo el acusado a un juicio rápido en el caso de portar armas llevaba implícita la condición de que la vista de dicho caso se celebraría conjuntamente con la del caso principal. El acusado tenía derecho a esperar y presumir que la vista del caso de felony se celebraría dentro del término estatutario de 120 días o tan pronto como fuere posible, en caso de que hubiese causa justificada para la dilación. El acusado convino en que la causa por portar armas esperase hasta que El Pueblo estuviese en condiciones de celebrar la vista del caso de felony; pero no se comprometió a esperar, sin limitación alguna de tiempo, a que el caso de portar armas se viese cuando mejor conviniera al fiscal. El acusado no solamente no retardó u obstaculizó en modo alguno la celebración del juicio en el caso de felony, si que hizo gestiones para acelerar la vista del caso. El fiscal no ofreció excusa o razón alguna por la cual no fuera posible celebrar el juicio en el caso de felony dentro del término de 120 días.

La corte inferior erró al declarar sin lugar la moción de archivo y sobreseimiento y al condenar al acusado.

*La sentencia debe ser revocada y absuelto el acusado.*