El Pueblo de Puerto Rico, demandante y apelado, *v.* Angel Muñiz Vega, acusado y apelante.

Núm. 12286.—*Sometido:* Julio 1, 1947. *Resuelto:* Julio 22, 1947.

*Jorge Díaz Cruz,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández,* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El 31 de octubre de 1941 se radicaron ante la Corte de Distrito de Aguadilla acusaciones contra Angel Muñiz Vega por los delitos de asesinato y portar armas. El 24 de noviembre de 1941 se leyeron las acusaciones y el acusado hizo alegación de inocente y solicitó que el caso de portar armas se viera conjuntamente con el de asesinato.

El caso de asesinato fué archivado por haber transcurrido más de 120 días de su radicación.(¹) El caso de portar armas se señaló para juicio para el 21 de agosto de 1945 —casi cuatro años después de radicada la acusación. El 11 de agosto de 1945 el acusado radicó una moción solicitando el archivo y sobreseimiento fundado en el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal. El día seña-

---

(¹)Este recurso se tramita por el procedimiento de exposición del caso y de ella no aparece en qué fecha se archivó el caso *felony.*

lado para la vista del caso, 21 de agosto de 1945, el abogado del acusado, Lic. Jorge Díaz Cruz, envió el siguiente telegrama a la corte:

"Si no hay lugar archivo solicitado suplico suspensión caso Portar Armas Angel Muñiz Vega de modo tenga oportunidad pagar otro abogado por hallarse su anterior Yamil Galib servicio militar."

La corte declaró sin lugar la moción de archivo y sobreseimiento y también la solicitud de suspensión de la vista del caso contenida en el telegrama, procedió a celebrar el juicio en ausencia del acusado y de su abogado y dictó sentencia declarándolo culpable y condenándolo a cumplir seis meses de cárcel. El 27 de agosto de 1945, a moción oral del acusado, la corte dejó sin efecto dicha sentencia. El 23 de julio de 1946 se celebró el juicio contra el acusado por el delito de asesinato y el de portar armas fué sometido por la misma prueba y la corte declaró al acusado culpable y lo sentenció a cumplir cuatro meses de cárcel. Apeló, y en este recurso alega que la corte inferior erró al declarar sin lugar su moción de archivo y sobreseimiento de fecha 11 de agosto de 1945.

Podría tener razón el apelante si él hubiera apelado de la sentencia dictada el 21 de agosto de 1945 y si hubiese demostrado en dicho recurso que no hubo justificación para la dilación inusitada en el trámite de estos casos. Empero, en su telegrama del 21 de agosto de 1945, él solicitó la suspensión del caso y aunque no le fué concedida, al ser sentenciado no apeló sino que solicitó se dejara sin efecto la sentencia y, sin levantar de nuevo la cuestión de archivo y sobreseimiento, entró a juicio el 23 de julio de 1946.

El caso de *Pueblo v. De Jesús*, 66 D.P.R. 136, citado por el apelante, sería aplicable si él hubiera apelado de la sentencia dictada el 21 de agosto de 1945, pero al no hacerlo, el caso es similar al de *El Pueblo v. José M. García Calderón*, resuelto el 24 de abril de 1947, en el que dijimos en opinión *Per Curiam* lo siguiente:

"Considerando ahora la primera cuestión, convenimos con el Fiscal de este Tribunal en que erró la corte al desestimar la moción de sobreseimiento en este caso en la ocasión en que declaró con lugar el sobreseimiento de los casos *felonies*. *Pueblo* v. *De Jesús,* 66 D.P.R. 136. Pero el acusado renunció nuevamente al juicio ·rápido y entró en juicio el 27 de mayo de 1946. Alega ahora que la sentencia debe ser revocada, por no habérsele concedido el juicio rápido a que tenía derecho. En las circunstancias del presente caso es indudable que el 21 de enero de 1946 el acusado renunció a su derecho a un juicio rápido· y consecuentemente, no existió el primero de los errores señalados."

*Debe confirmarse la sentencia apelada.*