Colón Birriel, Juez Ponente
*1105 TEXTO COMPLETO DE LA SENTENCIA
I
El presente recurso de Certiorari, acompañado de una Moción de Paralización de Procedimientos en Auxilio de Jurisdicción, se presentó ante este Tribunal el de agosto de 1995. El peticionario, Heriberto Santiago Rosado, recurre de una resolución emitida en corte abierta por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 8 de agosto de 1995, reducida a escrito en esa misma fecha. Mediante el dictamen en cuestión se declaró "No Ha Lugar" a una moción presentada por el peticionario al amparo de las disposiciones de la Regla 64 (n)(3) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64., solicitando se desestimara una acusación en su contra por infracción al artículo 15 de la Ley para la Protección de la Propiedad Vehicular, 9 LPRA see. 3214.
Examinada la moción en auxilio de jurisdicción, el 17 de agosto de 1995 ordenamos la paralización de los procedimientos en el Tribunal de Primera Instancia. Le concedimos un término de diez (10) días al recurrido, Pueblo de Puerto Rico, para que mostrara causa por la cual no debíamos revocar la resolución recurrida. El 28 de agosto de 1995 el Procurador General de Puerto Rico (Procurador) compareció en representación del recurrido y con el beneficio de su comparecencia procedemos a resolver el recurso.
II
Por hechos alegadamente ocurridos el 25 de marzo de 1995 se presentó denuncia contra el peticionario por infracción al artículo 15 de la Ley para la Protección de la Propiedad Vehicular, supra. La vista preliminar conforme a la ley se señaló para el 10 de abril de 1995, pero fue suspendida debido a que el imputado no fue llevado al Tribunal de Distrito de Aguadilla. Posteriormente, dicha vista fue reseñalada y suspendida en tres ocasiones, ningunas de ellas imputables al peticionario, hasta que finalmente se celebró el 2 de mayo de 1995. Luego de desfilada la prueba el tribunal determinó que no existía causa probable para acusar y ordenó la inmediata excarcelación del peticionario, quien se encontraba confinado.
El 5 dé mayo de 1995 el Ministerio Público solicitó vista preliminar en alzada, la cual fue celebrada el 1ro. de junio de 1995. Desfilada la prueba, se determinó la existencia de causa probable para acusar por el delito imputado y al no poder el peticionario prestar la fianza que le fue impuesta, se ordenó su ingreso a una institución penal. Ese mismo día quedó señalado el acto de lectura de acusación para el 22 de junio de 1995.
*1106 El 9 de junio de 1995 el Ministerio Fiscal presentó la acusación ante la Secretaría del Tribunal de Primera Instancia, Sala Superior de Aguadilla. La lectura de acusación se celebró el 22 de junio de 1995 y el juicio quedó señalado, en ese acto, para el 20 de julio de 1995.
El 20 de julio de 1995, no se celebró el juicio debido a que las citaciones de los testigos de cargo fueron expedidas tardíamente por la Secretaría del tribunal y los Alguaciles no pudieron citar a los testigos. La representación legal del peticionario solicitó que se reseñalara el juicio dentro de los términos señalado para ello, procediendo a señalarse para el 1ro. de agosto de 1995.
El 1ro. de agosto de 1995 nuevamente se suspendió el juicio al indicar el Ministerio Público que no estaba preparado, por razón de que la prueba de cargo no estaba presente. El Ministerio Público solicitó señalamiento para en o antes del 9 de agosto de 1995. No obstante ello, alegó que el término de sesenta (60) días para la celebración del juicio comenzaba a contarse desde el 22 de junio de 1995; es decir, desde el día en que se llevó a cabo el acto de lectura de acusación. La defensa replicó que dicho término comenzaba a contarse, conforme a las disposiciones de las Reglas de Procedimiento Criminal, desde la fecha en que se presentó la acusación en la Secretaría de la Sala Superior del Tribunal de Primera Instancia, es decir, desde el 9 de junio de 1995.
Ante estos planteamientos el tribunal ordenó a las partes someter memorandos de derecho en apoyo de sus respectivas posiciones en o antes del 3 de agosto de 1995 y reseñaló el juicio para el 8 de agosto de 1995. Así las cosas, el 2 de agosto de 1995 la representación legal del peticionario presentó el memorando de derecho solicitado y el Ministerio Público hizo lo propio el 3 de agosto de 1995.
El 8 de agosto de 1995 se llamó el caso para juicio, suspendiéndose éste nuevamente para el 17 de agosto de 1995, debido a la incomparecencia de la prueba de cargo. En esa misma fecha, el Tribunal de Primera Instancia emitió la resolución de la cual recurre ante nos el peticionario.
En su recurso alega el peticionario, que erró el Tribunal de Primera Instancia, al determinar que el término de sesenta (60) días que dispone la Regla 64 (n)(3) de Procedimiento Criminal, supra, para la celebración del juicio a una persona detenida, comienza a contarse desde el acto de lectura de acusación y no desde la presentación de la acusación en la secretaría correspondiente del Tribunal de Primera Instancia. El error fue cometido. Veamos.
III
En esencia nos toca resolver, si el término de sesenta (60) días para la celebración del juicio a un acusado que este detenido en la cárcel, dispuesto en la Regla 64 (n)(3) de las de Procedimiento Criminal, supra, comienza a decursar desde la radicación de la acusación en la Secretaría del Tribunal de Primera Instancia o si, por el contrario, comienza desde el acto de lectura de acusación. Luego de ello nos corresponde determinar, si procede la desestimación de la acusación radicada contra el peticionario, por habérsele violado su derecho constitucional a un juicio rápido.
Una vez celebrada la vista preliminar conforme a la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 23, y se determina causa probable para acusar por delito grave, se remite el expediente del caso a la Secretaría de la Sección Superior del Tribunal de Primera Instancia y el secretario referirá dicho expediente al fiscal, quien presentará la acusación correspondiente, Regla 24 (b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 24. La acusación es la primera alegación de parte del Pueblo en un proceso iniciado en el Tribunal Superior, Regla 34 (a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 34. Es decir, la presentación de la acusación y el acto de lectura de ésta, son dos etapas distintas y con diferentes propósitos dentro del Procedimiento Criminal.
En la Regla 64 de las de Procedimiento Criminal se señalan los fundamentos de la moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas. El inciso (n)(3) de dicha regla dispone lo siguiente:

"(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

*1107 (3) Que el acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio". (Enfasis suplido).
Indica el Profesor Ernesto L. Chiesa en referencia a la regla antes citada, que si el acusado está detenido, hay un término de sesenta (60) días a partir de la presentación de la acusación para celebrar el juicio. E. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. II, Sec. 12.2 (B) (6), Editorial Forum, 1992, pág. 173. En ese sentido también se expresa la Doctora Dora Nevárez Muñiz en su obra Sumario de Derecho Procesal Penal Puertorriqueño, Instituto para el Desarrollo del Derecho Inc., 4ta ed., 1995, pág. 117.
Entendemos que, tal y como lo expresó el Procurador en su escrito Moción en Cumplimiento de Orden para Mostrar Causa, la regla 64 (n)(3) de Procedimiento Criminal es clara y libre de toda ambigüedad, por lo que la letra de ésta no debe ser menospreciada. Art. 14 del Código Civil, 31 L.P.R.A. sec. 14. Es decir, surge claramente de dicha regla, que el término de sesenta (60) días para celebrarle el juicio a un acusado que se encuentre detenido, comienza a decursar desde que el Ministerio Público presenta y/o radica la acusación correspondiente en la Secretaría del Tribunal de Primera Instancia y no desde el acto de lectura de acusación. Véase además, Pueblo v. Tribunal Superior, 103 D.P.R. 732 (1975).
En el caso ante nos la acusación fue presentada en la Secretaría del Tribunal de Primera Instancia el 9 de junio de 1995, por lo cual el término de los sesenta (60) días dispuesto por la Regla 64 (n)(3), supra, para la celebración del juicio al peticionario, comenzó a decursar desde esa fecha y no desde el 22 de junio de 1995, fecha de la lectura de acusación, venciendo así el referido término el 8 de agosto de 1995.
Resuelto lo anterior, nos resta determinar si en el caso ante nos se le violó al peticionario su derecho ajuicio rápido al reseñalarsele el juicio para el 17 de agosto de 1995, es decir, nueve (9) días después de haber expirado el término, según lo dispuesto en la citada Regla 64 (n)(3).
IV
El derecho a "un juicio rápido y publico" es uno de los derechos fundamentales que garantiza el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico a todo acusado. Como regla general, ese derecho cobra vigencia desde que el imputado del delito es detenido o está sujeto a responder. Pueblo ex rel. L. V. C., 110 D.P.R. 114, 126 (1980); Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173 (1976). Se extiende hasta el acto de dictar sentencia en determinado plazo, ese derecho es renunciable. Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986); Pueblo v. Reyes Herrons, 105 D.P.R. 658 (1977); Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970). Esta garantía constitucional es importante salvaguarda que evita el encarcelamiento indebido y opresivo anterior al juicio; minimiza la ansiedad y preocupación que conlleva una acusación pública; y reduce la posibilidad de que una larga tardanza menoscabe los medios de defensa del acusado. United States v. Ewell, 383 U.S. (1966); Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173 (1976).
A estos efectos, nuestro Tribunal Supremo adoptó en Pueblo v. Rivera Tirado, supra, los criterios para evaluar alegaciones de violación al derecho a un juicio rápido al amparo de la constitución, siguiendo la decisión del Tribunal Supremo de los Estados Unidos en Barker v. Wingo, 407 U.S. 514 (1972): (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente ese derecho, y (4) perjuicio resultante de la tardanza. Ninguno de los factores es determinante y están sujetos a un balance. Véase además: Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 119-120 (1987); Pueblo v. Ramos Alvarez, 118 D.P.R. 782, 790 (1987); E. Chiesa, ob. cit., págs. 140 y ss; D. Fellman, The Defendant's Rights Today, Wisconsin, Univ. Wisconsin Press, 1976, pág. 115.
La citada Regla 64 (n)(3) de las de Procedimiento Criminal establece el término para la celebración del juicio luego de presentada la acusación, cuando el acusado, como en el presente caso, se encuentra recluido, regulando de esta forma el derecho a juicio rápido establecido en el Art. II, Sec. 11 de nuestra Constitución. Ahora, dicho término no es inflexible. Según se desprende de esa Regla el término puede ser extendido cuando existe justa causa para ello, o cuando la demora se debe a la solicitud del acusado o ha sido consentida por éste. Véanse, Pueblo v. Rivera Colón, 119 315 321 (1987); Pueblo v. Santi Ortiz, 106 D.P.R. 67 (1977).
*1108 Se ha entendido por justa causa la ausencia de un testigo esencial del Pueblo. En cuanto a este particular Chiesa nos dice: "La ausencia de un testigo de cargo es justa causa para la dilación si se trata de un testigo esencial para el caso del Pueblo y se establece la diligencia desplegada por el Ministerio Público para obtener la comparecencia del testigo; el testigo debe estar disponible para la fecha del nuevo señalamiento. No basta que el fiscal alegue que se trata de un testigo esencial; la esencialidad tiene que demostrarse inequívocamente a satisfacción de los tribunales. Ante una moción de desestimación de la defensa, amparada en el derecho a juicio rápido, el Pueblo tiene el peso de la prueba para demostrar ambos elementos (esencialidad del testigo y diligencia del ministerio fiscal para obtener su comparecencia); tal carga no se satisface con generalidades". E. Chiesa, ob. cit., pág. 146. Véase además: Pueblo v. Carrión Roque, 99 D.P.R. 362, 363 (1970); Pueblo en interés del menor R.G.G., 123 D.P.R. 443.
Por otro lado, presentada una moción de desestimación de la acusación debidamente fundamentada : por alegada violación al derecho a juicio rápido por un acusado, le compete al Ministerio Público demostrar que hubo justa causa para no haberle celebrado el juicio a dicho acusado, dentro de los términos de la Regla 64, supra, no bastando con que el Ministerio Público alegue que hubo justa causa, sino que es necesario que éste pruebe, los hechos que satisfactoriamente demuestren que en efecto hubo justa causa para la dilación. Pueblo v. Pérez, 36 D.P.R. 853 (1927); Pueblo v. Muñiz, 67 D.P.R. 676 (1947). Esto es así por que si se violó el derecho ajuicio rápido al acusado y no hubo justa causa para ello, entonces el juez tiene el deber ministerial de desestimar la pieza acusatoria. Es decir, el juez no tiene discreción alguna, tanto así, que si no lo hiciera, procedería el mandamus como remedio extraordinario para obligarle a que decrete la desestimación. Ferrer v. Corte, 60 D.P.R. 624 (1942); Román v. Corte, 63 D.P.R. 507 (1944).
En el caso ante nos, como expresáramos anteriormente, el Ministerio Público presentó la acusación correspondiente el 9 de junio de 1995. Al día de hoy, el juicio no se ha iniciado debido a que la prueba del Ministerio Público no ha estado disponible en las tres (3) fechas para las cuales se ha señalado el comienzo del mismo. El Ministerio Público no cumplió con su deber de establecer con datos específicos las gestiones realizadas para obtener la comparecencia no tan sólo de su testigo esencial sino de toda la prueba de cargo. De hecho, cuando el juicio se suspendió el 1ro. de agosto pasado, el tribunal ordenó a los testigos de cargo mostrar causa por la cual, no debían ser encontrados incursos en desacato, debido a su incomparecencia. No obstante ello, en el próximo señalamiento pautado para el 8 de agosto, nuevamente se suspendió el juicio debido a la incomparecencia de dichos testigos. En adición, del escrito del Procurador tampoco surge la justa causa si alguna para no habérsele celebrado el juicio al peticionario dentro del indicado término.
Por otro lado, tampoco surge de los autos, que el peticionario solicitara o consintiera a las suspensiones del juicio, en particular la del 8 de agosto, renunciando de tal forma a su derecho de un juicio rápido. Más aún, hizo su reclamación de su derecho a juicio rápido oportunamente, en cada suspensión del caso.
Por último, es derecho fundamental de todo ser humano a sentirse libre de la opresión y la preocupación martirizante que genera una acusación injusta, no hay diferencia entre el que esta detenido y el que está en libertad bajo fianza. No obstante, el legislador ha determinado términos distintos para la celebración del juicio a una persona detenida (60 días a partir de la presentación de la acusación o denuncia), de aquella que goza de libertad provisional antes del juicio (120 días desde la presentación de la acusación o denuncia).
En el caso ante nos, el peticionario ha estado detenido en prisión nueve (9) días en exceso del término fijado por la Regla 64 (n)(3), supra, para la celebración de su juicio. Aunque esta dilación (duración de la tardanza), no aparenta ser una excesiva que justifique la desestimación de la acusación luego de considerados los demás factores señalados en Pueblo v. Rivera Tirado, supra, a saber, duración de la tardanza; si el acusado ha invocado oportunamente su derecho a juicio rápido y el perjuicio resultante de la tardanza, se justifica la desestimación. Téngase presente como se mencionó en Pueblo v. Rivera Tirado, supra, que ninguno de los criterios para evaluar alegaciones de violación al derecho a un juicio rápido al amparo de la constitución, es determinante y están sujetos a un balance.
*1109 A base de las circunstancias particulares del presente caso, se expide el auto solicitado y se revoca la resolución recurrida, ordenándose la desestimación de la acusación.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 283
1. Surge de las notas del magistrado que presidió la vista preliminar en ese día, que el peticionario para esa fecha se encontraba confinado, con casos pendientes en Arecibo. La representación legal de dicho peticionario reclamó que el nuevo señalamiento se hiciera dentro del término.
2. Dicha vista fue reasignada para el 24 de abril de 1995, pero suspendida por la incomparecencia de la prueba de cargo. Se reasignó nuevamente para el 26 de abril, pero fue suspendida por razón de que el peticionario, quién se encontraba ingresado, no fue llevado al tribunal y la prueba de cargo no compareció. Se reasignó por tercera vez para el 27 de abril de 1995, pero fue suspendida porque el Ministerio Público no tenía en su poder copia de las declaraciones juradas prestadas por los testigos de cargo.
3. No surge del expediente, que el Ministerio Público haya efectuado diligencia alguna para lograr la comparecencia de los testigos de cargo al juicio. El Pueblo cuenta únicamente con tres (3) testigos para probar su caso, dos (2) son policías y el otro testigo inferimos sea el perjudicado. Ninguno de esos testigos comparecieron a los tres (3) señalamientos para juicio. Es el deber del Ministerio Público probar su caso ante el tribunal fuera de toda duda razonable, para ello necesita del testimonio de sus testigos, prueba admisible, etc. En aras de cumplir con su deber, pudo haber realizado aquellas diligencias encaminadas a lograr la comparecencia de sus testigos. A manera de ejemplo, podía comunicarse por teléfono con éstos; por teléfono, por escrito o por cualquier otro medio con el Comandante de la Policía donde prestan servicios los policías testigos, para lograr la comparecencia de éstos ajuicio, si esto se hizo, no surge del expediente ninguna información en ese sentido.
Por otro lado el Fiscal de Distrito, pudo haber encomendado la citación de los testigos al agente de investigación o al oficial de seguridad que laboran en la Fiscalía de Distrito y así lograr que los testigos comparecieran al juicio, de haber sido citados y no haber comparecido, indagar las razones para su incomparecencia, tampoco surge del expediente información alguna en ese sentido.
4. Nótese además, que desde la etapa de vista preliminar se evidencia en el caso, un patrón de suspensiones ocasionadas por problemas con la prueba de cargo.